611 So.2d 212 (1992)
Keith W. RICKS
v.
STATE of Mississippi.
No. 91-KA-0099.
Supreme Court of Mississippi.
December 31, 1992.
Jan R. Butler, Butler & Butler, Eupora, for appellant.
*213 Michael C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
PITTMAN, Justice, for the Court:
Keith W. Ricks was convicted in the Webster County Circuit Court of driving a motor vehicle while under the influence of intoxicating liquor, a felony as he previously had been convicted three times for the same offense within the past five years. The court sentenced Ricks to a term of one year in the custody of the Mississippi Department of Corrections and ordered him to pay a $2,000 fine. On appeal Ricks contends his constitutional right against self-incrimination was violated when the Circuit Court allowed introduction of a statement he made upon being asked to take the breathalyzer test and also allowed introduction of his refusal to take the test into evidence. We affirm the Circuit Court's judgment, holding that the statute allowing refusal to take a breathalyzer test to be introduced into evidence is constitutional under both the Mississippi and U.S. Constitutions.

I.
On the evening of September 14, 1990, Thomas Latham was working at his grocery store in Bellefontaine, Mississippi, when he noticed a car in front of his store blocking traffic in the middle of Highway 9. Latham and a customer, Willie Jennings, noticed the driver was slumped over the steering wheel and walked out to the car. They asked the driver to move the vehicle, which he did, nearly hitting the store's gas pumps in the process. Both noticed the smell of alcohol when they asked the driver to move the vehicle.
Latham said the vehicle left his parking lot, barely missing a telephone pole as it headed down Highway 404. Jennings and Latham discussed the danger presented by the driver, and decided to notify the Sheriff's Department so the Sheriff's Department could help the driver in case he was sick or drunk. When Latham next noticed the same car headed south on Highway 9  his store sits at an intersection of Highways 404 and 9  he notified the Sheriff's Department of the change in direction.
Keith W. Ricks and his friend, Herbie Newcomb, had been cutting firewood that day in Montgomery County. Later that evening they purchased a twelve-pack of beer from Ray's Grocery on Highway 404. Ricks said Newcomb had been drinking earlier in the day, but he only had two beers from the twelve-pack before being pulled over.
Deputy Sheriff Donald Card met up with Ricks' vehicle on Highway 9 when it entered his traffic lane and nearly hit his vehicle. Card turned around and proceeded after the vehicle. He said the car almost ran other people off the road before he got it pulled over. Card walked up to the car, opened the door and asked the driver for his license. He said he could smell alcohol and see beer cans in the front and back seats. Card told the driver, Keith W. Ricks, that he was arresting him for reckless driving. Although Ricks kept telling Card he wasn't drunk, Ricks was staggering and his speech was slurred, according to Card.
At the scene, Card informed Ricks of his Miranda[1] rights, and told him he was going to take him to the Sheriff's Department and run the blood alcohol (breath) test. Ricks told Card he wasn't going to take the test. Card performed no field sobriety tests upon Ricks, but observed his bloodshot eyes, staggered walk and slurred speech.
Upon reaching the office, Ricks again was asked to take the test, whereupon he responded "[i]f you run me on that machine ... it'll probably show I'm in a coma," according to Card. Ricks said that comment was a reference to the Phenobarbital he takes for epileptic seizures. He had taken one pill earlier in the day, he said. Ricks did provide his driver's license number from memory and after his second refusal to take the breath test, Card locked *214 him up. Ricks claims he must have had a seizure while driving, but was not drunk.
Ricks testified he asked Card repeatedly for a blood test instead of a breath test, as he was taking medicine for epileptic seizures and believed the medicine would appear as alcohol on the breathalyzer test. He said Card refused. Card claims Ricks never asked for a blood test, but admits Ricks was talking constantly and he didn't pay attention all the time.
At trial, Ricks' refusal to take the breathalyzer test and his comment "[i]f you run me on that machine ... it'll probably show I'm in a coma," were admitted into evidence against him. The jury subsequently returned a guilty verdict.

II.
Ricks presents two issues upon appeal. First, he complains that his statement "[i]f you run me on that machine ... it'll probably show I'm in a coma," should not have been admitted into evidence. At a pre-trial hearing on suppression of this comment, the trial judge ruled that Ricks' statement was voluntary. "The statement he made in response to an invitation, or request, to take the breathalyzer test was entirely voluntary on his part and, as such, is admissible... ." Ricks' statement is essentially a confession of how drunk he was the night in question. This Court holds that a confession or statement relating to culpability may be admitted into evidence if it is given freely and voluntarily, and without the influence of promises or threats. Pinkney v. State, 538 So.2d 329, 342 (Miss. 1988); Cabello v. State, 490 So.2d 852 (Miss. 1986). Furthermore, the sheriff's deputy gave Ricks the Miranda warning prior to Ricks' statement. He did not question Ricks about how drunk he was, but merely asked Ricks to take the breathalyzer test. Ricks volunteered the statement about the machine registering him in a coma.
"[A] volunteered statement, voiced without prompting or interrogation, is admissible in evidence if made prior to the warning and of course if it were voluntarily and spontaneously made subsequent thereto, it would remain admissible in evidence." Burge v. State, 282 So.2d 223, 226 (Miss. 1973). Furthermore, this Court has said an officer is not required to turn a "deaf ear" to such statements. Burge, 282 So.2d at 226. This Court will not reverse a trial court's finding regarding admission of a confession unless it is manifestly wrong. Lockett v. State, 517 So.2d 1317, 1328 (Miss. 1987); Frost v. State, 483 So.2d 1345, 1350 (Miss. 1986). The evidence supports the trial judge's finding that the statement was voluntarily given without coercion from the sheriff's deputy.
In Pennsylvania v. Muniz, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990), the U.S. Supreme Court held that the Miranda rule does not require suppression of statements made by a defendant when asked to submit to a breathalyzer examination. In that case, the officer read the defendant a prepared script explaining how the test worked, the nature of Pennsylvania's implied consent law, and the legal consequences of refusal. The defendant then asked the officer several questions about the test and the consequences of refusal, during which the defendant commented upon his state of inebriation. After offering to take the test after waiting a couple of hours or drinking some water, the defendant refused to take the test. The Court held that the defendant's statements were not prompted by an interrogation within the meaning of Miranda, therefore the absence of a Miranda warning did not require suppression of the statements. Pennsylvania v. Muniz, 496 U.S. 582, 605, 110 S.Ct. 2638, 2652, 110 L.Ed.2d 528, 554 (1990). In the case sub judice, Ricks was given the Miranda warning prior to being asked to take the test. As such and because his statement was spontaneous and voluntary, this issue has no merit.

III.
Ricks next complains that his refusal to take the breathalyzer test was erroneously admitted into evidence in violation of the Fifth Amendment of the United States Constitution and Art. 3, § 26 of the Mississippi Constitution of 1890. The refusal *215 was admitted under Miss. Code Ann. § 63-11-41 (1972), but we note the evidence is also admissible under Miss.R.Evid. 402.[2] This Court has not previously considered the constitutionality of Miss. Code Ann. § 63-11-41 which provides:
If a person under arrest refuses to submit to a chemical test under the provisions of this chapter, evidence of refusal shall be admissible in any criminal action under this chapter.
Ricks was charged with violation of Miss. Code Ann. § 63-11-30 (1972).
While this Court has not faced this issue, the U.S. Supreme Court decided almost a decade ago that evidence of a defendant's refusal to take a blood alcohol test may be admitted into evidence against him or her without violating the Fifth Amendment. South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). As this Court has held, § 26 of the Mississippi Constitution in this area provides no broader protection than does the Fifth Amendment, we follow the U.S. Supreme Court's lead.
This state's case law has consistently applied the self-incrimination clause of § 26 in the same light as the Fifth Amendment. In McCrory v. State, this Court held the State could force a defendant to provide a handwriting exemplar without violating the Fifth Amendment or § 26.[3]McCrory v. State, 342 So.2d 897, 901 (Miss. 1977), following Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973). While the Court noted that it is a basic principle of our system of government that a sovereign state may place greater restrictions on the exercise of its own power than does the Federal Constitution, the Court also noted it has found U.S. Supreme Court cases interpreting the Fifth Amendment persuasive in determining the scope of the Mississippi Constitution. McCrory, 342 So.2d at 900. Indeed, in analyzing the two provisions, this Court has used the term "Fifth Amendment" to refer to the self-incrimination provisions of both the U.S. Constitution and the Mississippi Constitution. In re Knapp, 536 So.2d 1330, 1333 n. 6 (Miss. 1988).
In South Dakota v. Neville, the U.S. Supreme Court held constitutional a South Dakota statute[4] allowing evidence of refusal to submit to a blood-alcohol test[5] admissible at trial for driving under the influence of alcohol. South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). Mississippi and South Dakota, along with a host of other states, have enacted implied consent laws which provide that persons operating a motor vehicle within the respective jurisdictions are deemed to have consented to a chemical test of the alcohol content of their blood if arrested for driving while intoxicated. In Schmerber v. California, the U.S. Supreme Court upheld a state-compelled blood test, finding that a blood test was "physical or real" evidence rather than testimonial evidence and therefore was unprotected *216 by the Fifth Amendment privilege. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). This Court has likewise held that the State may force a defendant to provide blood, hair and saliva samples. Williams v. State, 434 So.2d 1340, 1344-45 (Miss. 1983). Those samples may then be admitted into evidence against the defendant. Wesley v. State, 521 So.2d 1283, 1286 (Miss. 1988).
The U.S. Supreme Court noted that most courts applying general Fifth Amendment principles to refusal to take a blood test have found no violation of the privilege against self-incrimination, reasoning that refusal to submit is a physical act rather than a communication and for that reason is not protected by the privilege. South Dakota v. Neville, 459 U.S. at 561, 103 S.Ct. at 921. The Court noted South Dakota did not directly compel the defendant to refuse the test, as it gave him a choice of submitting or refusing. Where refusal carries penalties such as loss of license, those penalties are unquestionably legitimate, assuming appropriate procedural protections. See Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979). The refusal being admitted into evidence against a defendant is just another attendant penalty to encourage defendants to take the test. South Dakota, 459 U.S. at 563, 103 S.Ct. at 922.
Ricks complains that he was not informed by the sheriff's deputy that his refusal could be admitted into evidence against him. But admitting the refusal into evidence is not fundamentally unfair, even if the defendant is not specifically warned that his refusal could be used against him at trial. South Dakota, 459 U.S. at 565, 103 S.Ct. at 923. The U.S. Supreme Court characterized the defendant's right to refuse the blood-alcohol test as "simply a matter of grace bestowed by the South Dakota Legislature." South Dakota, 459 U.S. at 565, 103 S.Ct. at 923. While the South Dakota officers did not inform the defendant of the consequence that evidence of refusal could be used against him in court, the Court held it unrealistic to say the warnings given implicitly assured the suspect that no consequences other than those mentioned, i.e. loss of license, would occur. That sort of failure to warn was not the type of implicit promise to forego future use of the evidence that would unfairly trick the defendant if the evidence were later used against him at trial. South Dakota, 459 U.S. at 566, 103 S.Ct. at 924.
This Court sees no legitimate reason to or basis for interpreting the scope of Art. 3, § 26 of the Mississippi Constitution of 1890 as narrower than the Fifth Amendment provision against self-incrimination in this context. The State clearly could require the criminal defendant to take a blood test and then introduce the results of that test into evidence against him under this state's case law. It follows that the State could require the defendant take a breathalyzer test and introduce those results against him. The very nature of a drunk driving charge makes it critical for the State to obtain the necessary evidence before that evidence dissipates with time. Therefore, the penalty of introducing the refusal serves an important state interest in encouraging defendants to take the test. And as the refusal is physical instead of testimonial, its introduction into evidence violates neither the Fifth Amendment nor § 26.

IV.
As Ricks presents no issues on appeal which merit reversal, his conviction is affirmed.
CONVICTION OF DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR (FOURTH OFFENSE) AND SENTENCE TO SERVE A TERM OF ONE (1) YEAR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A FINE IN THE AMOUNT OF $2,000.00, SAID FINE TO BE PAID IN FULL TO THE CIRCUIT CLERK WITHIN ONE YEAR OF HIS RELEASE FROM ACTUAL CUSTODY, AFFIRMED.
*217 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and BANKS and ROBERTS, JJ., concur.
PRATHER, J., concurs with separate opinion joined by SULLIVAN and BANKS, JJ.
McRAE, J., dissents with separate written opinion.
PRATHER, Justice, concurring:
I concur in the majority opinion with one exception. Ricks complains that the trial judge erroneously admitted into evidence his refusal to submit to a breathalyzer test. Ricks contends that the admission of this evidence violated his Fifth Amendment right to avert self-incrimination. I agree with the majority's rejection of Ricks' contention; that is, I agree that his refusal to submit a breathalyzer test is not violative of federal or state constitutional principles. I disagree, however, with the majority's holding that a defendant's refusal is admissible under authority of statutory law.
In numerous cases preceding the one sub judice, this Court has explained that the development of evidentiary rules to govern criminal procedure in Mississippi is a core function of the judiciary  not the legislature. See, e.g., Mitchell v. State, 539 So.2d 1366, 1371 (Miss. 1989). Thus, a defendant's refusal to submit to a breathalyzer or other test to determine blood-alcohol content should not be deemed admissible under statutory law; rather, the defendant's refusal should be deemed admissible under the Mississippi Rules of Evidence. See Miss.R.Evid. 402 ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Mississippi, or by these rules.").
SULLIVAN and BANKS, JJ., join this opinion.
McRAE, Justice, dissenting:
While our drunk driving laws and sophisticated testing procedures have done much to deter the reckless practice of driving under the influence of alcohol, I feel compelled to voice again my concern that those charged under Miss. Code Ann. § 63-11-30 (Supp. 1992) are not afforded the same rights and protection as those charged with other crimes. Accordingly, I dissent from the majority's holding that Keith Ricks' rights under either the fifth amendment to the United States Constitution or art. 3 sec. 26 of the Mississippi Constitution were not violated by admission of evidence that he refused to take the breath intoxilyzer test as well as his statement, "If you run me on that machine ... it'll probably show I'm in a coma." This self-incriminating statement and Ricks' refusal to submit to the test alone would spell guilt in the minds of any panel of fair-minded jurors.
The right to remain silent afforded by Miranda v. Arizona, 384 U.S. 436, 439, 86 S.Ct. 1602, 1609, 16 L.Ed.2d 694 (1966) may be voluntarily waived, provided that waiver is made knowingly and intelligently. Edwards v. Arizona, 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Our implied consent statutes do not absolutely require a driver arrested on a DUI charge to submit to a breath intoxilyzer test. However, Miss. Code Ann. § 63-11-41 (1989) provides that refusal to submit to such testing shall be admissible in any criminal action brought under this chapter. This statute flies in the face of our constitutional privilege against self-incrimination. As I have stated before, I believe the results of a breath intoxilyzer test are tantamount to a confession. Estes v. State, 605 So.2d 772 (Miss. 1992) (McRae, J. dissenting). If an individual is so intoxicated as to fail the breath intoxilyzer test, he cannot be said to have given a knowing and intelligent waiver of his rights. Likewise, if the outward indicia of inebriation are such that his arrest is warranted, how can his refusal to submit to the test be said to have been made knowingly and intelligently? When the arresting officer observes a suspect in an intoxicated state, how can he honestly say that the suspect knowingly and intelligently waived his rights and that he knew what he was doing?
Notwithstanding that Ricks testified that he repeatedly asked to be given a blood test because he feared the medication he *218 took to control epileptic seizures would register as alcohol on the intoxilyzer machine, the majority interprets his statement "[i]f you run me on that machine ... it'll probably show I'm in a coma" as "essentially a confession of how drunk he was the night in question." If he was so drunk, how can this "confession" be said to have been made knowingly and intelligently and rendered admissible? We have stated numerous times that a confession or statement of an accused cannot be used against him absent a knowing and intelligent waiver of his rights. Cox v. State, 586 So.2d 761, 763 (Miss. 1991); Stokes v. State, 548 So.2d 118, 121 (Miss. 1989). The burden is on the prosecution to show that the statement is admissible. Cox, 586 So.2d at 763; Davis v. State, 551 So.2d 165, 169 (Miss. 1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 797 (1990). In those cases where the accused was intoxicated at the time of his arrest, only those confessions made after the accused was given ample time to "sober up" have been found to have been made knowingly and intelligently. See Holland v. State, 587 So.2d 848, 860-862 (Miss. 1991) (confession of accused who had been drinking until time of arrest admissible where five witnesses testified that he did not appear impaired and his speech was coherent); Smith v. State, 569 So.2d 1203, 1205 (Miss. 1990) (statement made eleven or twelve hours after arrest when defendant testified he was "not that drunk" admissible); Johnson v. State, 511 So.2d 1360, 1365 (Miss. 1987) (confession made after 24 hour "sobering up" period admissible); Stevens v. State, 458 So.2d 726, 729 (Miss. 1984) (confession made thirteen hours after intoxicated defendant arrested on murder charges admissible); State v. Williams, 208 So.2d 172, 175 (Miss. 1968) (confession given while accused was still "in an acute, rampant state of intoxication" not admissible). How, then, can the "confession" of a visibly drunk driver be considered to have been made knowingly and voluntarily?
The record indicates that there was far more persuasive evidence of Ricks' intoxication than his statement or his refusal to submit to the breath intoxilyzer test. Deputy Sheriff Card testified that he observed Ricks driving recklessly, as did other witnesses. Further, he smelled alcohol and observed beer cans in the car and although he performed no field sobriety test, he observed Ricks' bloodshot eyes, slurred speech and staggering gait. The arresting officer obviously had reason to believe that Ricks was drunk and therefore knew that he could neither knowingly nor intelligently waive his "rights."
Were driving under the influence a mere misdemeanor offense, our laws would not serve to abridge an individual's constitutional rights. However, Miss. Code Ann. § 63-11-30(2)(c) (Supp. 1992) has elevated to a felony the third and subsequent convictions of those so charged, carrying a maximum sentence of five years. Fearing that grave injustice may result if those charged with driving under the influence are not afforded the same constitutional protections afforded those charged with other criminal acts, I respectfully dissent.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Mississippi, or by these rules. Evidence which is not relevant is not admissible." Miss.R.Evid. 402.
[3] The court did not reach the question of whether the handwriting exemplar, once obtained, could be introduced into evidence against the defendant. McCrory v. State, 342 So.2d 897, 901 (Miss. 1977).
[4] South Dakota Comp.Laws Ann. § 32-23-10.1 (Supp. 1982). South Dakota Comp.Laws Ann. § 19-13-28.1 (Supp. 1982) also provides that evidence of refusal to submit to a chemical analysis of blood, urine, breath, or other bodily substance "is admissible into evidence" at trial for driving under the influence of alcohol. A person "may not claim privilege against self-incrimination with regard to admission of refusal to submit to chemical analysis." Ibid.
[5] There can be no real distinction between the blood-alcohol test at issue in South Dakota, and the breathalyzer test at issue here. See Pennsylvania v. Muniz, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 n. 19 (1990). The breathalyzer test is certainly more safe, painless and commonplace than the blood test. Furthermore, Miss. Code Ann. § 63-11-13 (Rev. 1989) provides the defendant may, at his own expense, have a qualified person of his choosing administer an additional test, either blood or breath. Ricks claims he requested a blood test, while the sheriff's deputy testified he did not. The determination of that factual issue was left to the jury.