799 So.2d 159 (2001)
Eric ELLIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01284-COA.
Court of Appeals of Mississippi.
October 16, 2001.
Carrie A. Jourdan, Columbus, Attorney for Appellant.
*160 Office of the Attorney General by Billy L. Gore, Attorneys for Appellee: .
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Eric Ellis was convicted of armed robbery by a Lowndes County Circuit Court jury for his part in a failed attempt by three individuals to rob the employees of a fast food business in Columbus. Ellis complains on appeal that the trial court erroneously permitted the jury to hear inadmissible and substantially damaging hearsay evidence identifying him as one of the three masked gunmen who attempted the crime. Ellis also claims that the trial court improperly permitted the State to recall one of its witnesses to give additional evidence after the trial had been recessed overnight. We find these issues to be without merit and affirm Ellis's conviction.

I.

Hearsay Evidence
¶ 2. The two employees of the business present during the attempted robbery were unable to identify the three men involved in the incident because they all wore masks. These employees were only able to give some general description of the overall physical size of the robbers. Eric Ellis's identity as the member of the group and whose primary duty was to act as a lookout was supplied principally from the testimony of Ellis's first cousin, Joseph Ellis. Joseph Ellis testified that he was attending a social event shortly after the failed robbery where Eric Ellis, Tyrone Ellis, and F.C. Chatman were all present. According to the State's theory of the case, these three individuals were the ones who had attempted the robbery. Joseph Ellis testified that, during the course of the social affair, he participated in a conversation involving himself and these three individuals in which each one discussed his particular role in the robbery.
¶ 3. In Joseph Ellis's version of the conversation, Chatman was the first to speak on the subject. Before the witness was able to report what Chatman allegedly said, defense counsel interposed a hearsay objection. The trial court, upon ascertaining that the defendant, Eric Ellis, was present at the time the statements were allegedly made, overruled the objection and permitted Joseph Ellis to complete his testimony concerning the conversation. According to that testimony, the participants all either laughed or smiled as the others recounted their individual roles in the crime. For his part, Eric Ellis was said to have indicated that "he just stood around watching the front."
¶ 4. In his brief, Eric Ellis suggests that this testimony could not be admitted as an exception to the exclusionary hearsay rule without first determining that it constituted statements of one or more conspirators in the furtherance of a conspiracy to commit a crime. While certain extrajudicial statements by co-conspirators may be admitted in evidence because they do not constitute hearsay, Ellis's argument misses the mark. See M.R.E. 801(d)(2)(E). Statements of co-conspirators in furtherance of the conspiracy are not the only out-of-court statements that are admissible because they are, by definition, excepted from the rules governing admissibility of hearsay. In particular, Mississippi Rules of Evidence 801(d)(2)(A) and (B) permit unsworn prior statements to be introduced against a defendant when the pronouncements are by the defendant himself or when they are statements by another as to which the defendant has, in some manner, "manifested his adoption." M.R.E. 801(d)(2)(A-B).
¶ 5. From our review of Joseph Ellis's testimony, we are satisfied that the trial *161 court did not err in its ruling to admit the evidence. Certainly, Ellis's own statements indicating his role as lookout in the crime were not hearsay. M.R.E. 801(d)(2)(A). We also find ample support in the record for the proposition that Eric Ellis, by his conduct, could be seen as having adopted the incriminating statements of his alleged accomplices made in his presence, since it would reasonably be expected that, had Chatman and Tyrone Ellis been falsely implicating the defendant in the crime, the defendant would have disavowed their remarks. M.R.E. 801(d)(2)(B); Jolly v. State, 269 So.2d 650, 656 (Miss.1972).

II.

Recalling a State's Witness
¶ 6. After an overnight recess, the State recalled to the stand one of the employees of the business who was present during the crime. She was recalled for the apparent purpose of clarifying or explaining a perceived discrepancy in the two statements she gave law enforcement officers shortly after the attempted robbery regarding her perceptions of the third robber, purported to be the defendant in this case. At the time the witness was recalled, defense counsel objected on the ground that her testimony "could be tainted." Neither at trial or before this Court does Ellis offer any basis as to how this witness's additional testimony might have been improperly tainted during the evening recess or what particular prejudice arose to the defense out of the fact that the trial court permitted her to be recalled.
¶ 7. There is no hard and fast rule that a witness, once her testimony is complete, cannot be recalled to the stand. That is a matter vested in the sound discretion of the trial court. M.R.E. 611(a); Ellis v. State, 661 So.2d 177, 179 (Miss. 1995). Based on our review of the record, we can discover no prejudice to the defense arising out of this witness being recalled to the stand. Defense counsel was permitted to cross-examine the witness as to all matters brought out in her second direct testimony for the State. In actuality, it does not appear that any evidence of substantial value to the State was developed during this second examination beyond that already contained in the witness's original testimony. Thus, even were it assumed for sake of argument that the trial court abused its discretion in permitting the witness to be recalled, it would not require reversal because it did not result in any apparent prejudice to the defense. Simply showing an error in ruling on admissibility of evidence does not require reversal unless some prejudice to the defense arising from this erroneous ruling can be shown. M.R.E. 103(a). We find this issue to be without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF COUNT ONE, ARMED ROBBERY, AND SENTENCE OF TEN YEARS AND COUNT TWO, CONVICTION OF AGGRAVATED ASSAULT, AND SENTENCE OF FIVE YEARS, ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SAID SENTENCES ARE TO RUN CONSECUTIVELY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.