812 So.2d 1153 (2002)
Eric McVay BREWER a/k/a Mac Brewer, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00413-COA.
Court of Appeals of Mississippi.
April 2, 2002.
*1154 Armstrong Walters, Columbus, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
McMILLIN, C.J., for the court.
¶ 1. Eric Brewer has appealed his conviction in the Circuit Court of Lowndes County for operating a motor vehicle while under the influence of intoxicating liquor punishable as a felony under Section 63-11-30(2)(c) of the Mississippi Code for being the third such offense within a five year span. He has appealed that conviction contending alternatively that (a) the evidence was insufficient to support a guilty verdict or (b) the jury's verdict was against the weight of the credible evidence. Finding neither assertion to have merit, we affirm the conviction.
¶ 2. Brewer's factual argument, in its entirety, consists of the following statement in his brief:
The State had no analysis of Brewer's blood, breath or urine to determine Brewer's alcohol level. The State's witnesses did not perform a field sobriety test on Brewer. There was no evidence that would indicate that Brewer was intoxicated.
¶ 3. The State called three witnesses, all law enforcement officers involved in the incident that led to Brewer's arrest. The officer who first stopped Brewer's vehicle testified that he immediately smelled alcohol fumes emanating from the vehicle as he approached and that he saw an open beer can sitting on the seat. He said that Brewer had difficulty speaking clearly, fumbled for his wallet, had trouble producing his driver's license, and staggered to the point that an officer had to keep him from falling when he exited the vehicle. Brewer admitted to the officer that he had consumed more than one beer. Upon being taken to the location of the intoxilyzer, Brewer declined to take the test, informing the officers that they were going to "get him" if he took the test and they were going to "get him" if he did not. The two other officers corroborated the first witness's observations regarding Brewer's giving off of the smell of alcohol and his apparently impaired motor skills. The defense presented no witnesses.
¶ 4. Brewer's argument concerning the lack of physical evidence of the level of alcohol present in his system would have *1155 relevance only if Brewer had been indicted under Mississippi Code Section 63-11-30(1)(c), which makes unlawful the operation of a vehicle by a person who "has an alcohol concentration of ten one-hundredths percent (.10%) or more ... in the person's blood...." Miss.Code Ann. § 63-11-30(1)(c) (Rev.1996). However, Brewer was indicted under Section 63-11-30(1)(a), which applies to a person operating a vehicle "who is under the influence of intoxicating liquor." Miss.Code Ann. § 63-11-30(1)(a) (Rev.1996). The State presented sufficient evidence in the form of the officers' testimony from which the jury could reasonably conclude that Brewer was under the influence of intoxicants to the degree that his motor skills necessary to properly operate a motor vehicle were impaired. The jury sits as the finder of fact and makes its own determinations as to the credibility of the witnesses and what weight and worth to afford to the evidence. Conn v. State, 744 So.2d 346, 349(¶ 14) (Miss.Ct.App.1999). We find no basis to conclude that the jury did anything other than perform this duty.
¶ 5. Brewer cites no authority for the argument that the State, as a part of building a case for driving under the influence of intoxicants, has an obligation to perform field sobriety tests during the arrest process. Brewer was, in fact, arrested in the first instance for driving with a suspended driver's license and the subsequent driving under the influence charge was not lodged until after he had been asked to submit to an intoxilyzer test and refused. The arresting officer explained that he had not attempted to administer field sobriety tests because he had not been trained in proper procedures to administer the tests. Finding this aspect of Brewer's argument neither compelling in its logic nor supported by citations to relevant authority, we do not think he is entitled to relief on this score.
¶ 6. Assuming Brewer intends to use the word "intoxicated" to be synonymous with the statutory requirement of proof that the defendant was "under the influence of intoxicating liquor," we find the proposition that the State presented no evidence from which the jury could find him guilty to be without foundation. Officers testified to finding an open beer container in the vehicle, said Brewer admitted to having consumed several beers, smelled strongly of alcohol, and appeared to have substantially impaired motor skills to the degree that his ability to speak or even stand erect were impaired. There was also evidence that Brewer refused a request to submit to an intoxilyzer testa fact which the Mississippi Supreme Court has said may be considered by the jury as evidence of guilt. Ricks v. State, 611 So.2d 212, 216 (Miss. 1992); accord South Dakota v. Neville, 459 U.S. 553, 561-562, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). If accepted as true by the jury, the officers' testimony together with such reasonable inferences as the jury was entitled to draw from the evidence, was sufficient, in the view of this Court, to support the jury's decision to convict. Brewer's challenge to the sufficiency of the evidence must, therefore, fail.
¶ 7. As to Brewer's claim that the verdict was against the weight of the evidence, we observe that the defense presented no evidence tending to demonstrate his innocence after the State rested its case-in-chief. Neither did the defense, in the course of cross-examining the prosecution witnesses, develop any information tending to impeach those witnesses or elicit affirmative evidence exculpatory in nature. In the final analysis, therefore, there was simply no evidence to weigh against that presented by the State from which this Court could conclude that weight of the credible evidence so pointed to Brewer's innocence that to permit the *1156 verdict to stand would constitute a manifest miscarriage of justice. Brown v. State, 763 So.2d 207, 209(¶ 6) (Miss.Ct.App. 2000).
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF THIRD OFFENSE DUI AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $3,000 IS AFFIRMED. SAID SENTENCE TO RUN CONSECUTIVELY TO ANY OTHER SENTENCE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.