941 So.2d 899 (2006)
Michael Edward STARKEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01076-COA.
Court of Appeals of Mississippi.
November 7, 2006.
*900 John D. Watson, Southhaven, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. On September 18, 2004, Michael Edward Starkey was stopped by Officer Josh Mucciarone of the Olive Branch Police Department for failure to have a functional license tag light after the officer observed Starkey driving at a slow rate of speed. Officer Mucciarone called for backup and Officer Bradley Barker arrived on the scene in order to conduct standardized field sobriety tests. Officer Barker's patrol car was equipped with a video camera and captured images of Starkey during a portion of the roadway stop. Officers Mucciarone and Barker both testified that they observed Starkey during the course of the stop unsteady on his feet, having red, watery eyes, a dazed stare, and slurred speech and that a strong odor of an intoxicating beverage was emanating from inside Starkey's vehicle. Both officers also testified that Starkey admitted to drinking "a couple" on the evening in question. Starkey complied with the officers' requests to perform field sobriety tests; however, he refused to submit to an Intoxilyzer breath test. Officer Barker testified that Starkey failed the field sobriety tests. Starkey's refusal to submit to the breath test was admitted into evidence at trial pursuant to Mississippi Code Annotated section 63-11-41 (Rev.2004).
*901 ¶ 2. Starkey was indicted on January 14, 2005, under Mississippi Code Annotated sections 63-11-30(1)(a) for operating a vehicle "while under the influence of intoxicating liquor" and 63-11-30(2)(c) for driving under the influence (DUI), third offense. Starkey was tried and convicted of felony DUI and was sentenced to four years in the custody of the Mississippi Department of Corrections and one year to be served under post-release supervision. Following his conviction, Starkey presented motions for a directed verdict and for a new trial; however both motions were denied. Aggrieved by the judgment entered against him, Starkey appeals, raising the following issues:
I. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE JURY TO CONSIDER EVIDENCE OF STARKEY'S REFUSAL TO TAKE THE INTOXILYZER.
II. WHETHER THE TRIAL COURT ERRED IN DENYING STARKEY'S MOTIONS FOR A DIRECTED VERDICT AND FOR A NEW TRIAL WHEN THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 3. Finding no error, we affirm.
I. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE JURY TO CONSIDER EVIDENCE OF STARKEY'S REFUSAL TO TAKE THE INTOXILYZER.
¶ 4. Starkey first complains that his refusal to submit to the Intoxilyzer test was erroneously admitted into evidence in violation of the Fifth Amendment to the United States Constitution. He also asserts that the trial court erred in refusing his jury instruction which would have instructed the jury to disregard his refusal to take the breath test. Starkey argues in both of his assignments of error that Mississippi Code Annotated section 63-11-41 (Rev.2004) is unconstitutional.
¶ 5. Mississippi Code Annotated section 63-11-41 requires a motorist to choose between agreeing to submit to a chemical test, and thereby giving evidence against himself to the State, or refusing to take the test and suffering the consequences of that refusal by having the jury hear that he refused the test. While Starkey's refusal was admitted into evidence under the Mississippi Code, our supreme court has noted that Mississippi Rule of Evidence 402 also provides for the introduction of a refusal to submit to a chemical test as it is relevant and not otherwise constitutionally inadmissible. Ricks v. State, 611 So.2d 212, 215-16 (Miss.1992). While the consequences of a refusal are admittedly harsh to a defendant facing a DUI trial, a prosecutor's choice to exploit the defendant's refusal is not of "constitutional dimension." Wainwright v. Greenfield, 474 U.S. 284, 293, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986) (distinguishing the right to silence under Miranda and a prosecutor's reference to a defendant's refusal to take a blood alcohol test). The Supreme Court of the United States, the Mississippi Supreme Court and this Court have previously considered the constitutionality of admitting a defendant's refusal to submit to a sobriety test. See South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); Ricks v. State, 611 So.2d 212 (Miss.1992); Brewer v. State, 812 So.2d 1153 (Miss. Ct.App. 2002); Price v. State, 752 So.2d 1070 (Miss. Ct.App.1999). Each of the aforementioned courts has held that the refusal to submit to a chemical sobriety test is physical rather than testimonial evidence. Neville, 459 U.S. at 564, 103 S.Ct. 916 (holding that evidence of a defendant's refusal to take a blood alcohol test may be admitted at a criminal trial without violating the Fifth Amendment); accord Ricks, 611 So.2d at *902 215 (finding a defendant's refusal of a request to submit to an breathalyzer test analogous to a refusal to take a blood alcohol test and holding that such a refusal may be considered by the jury as evidence); Brewer, 812 So.2d at (¶ 6); Price v. State, 752 So.2d at (¶ 16).
¶ 6. The courts of our state have reasoned that the admission into evidence of a defendant's refusal to submit to a breath test no more implicates his right against self-incrimination under Article 3, section 26 of the Constitution of the State of Mississippi than it does under the Fifth Amendment of the Constitution of the United States. Following this precedent, the trial court's admittance of Starkey's refusal to submit to the Intoxilyzer breath test was not a violation of either Starkey's state or federal constitutional right against self-incrimination. Thus, Starkey's challenge to the constitutionality of section 63-11-41 of Mississippi Code Annotated fails. It then follows that the trial judge's refusal of Starkey's jury instruction, which would have directed the jury to disregard his refusal to submit to the breathalyzer, was not error.
II. DENIAL OF MOTION FOR A DIRECTED VERDICT AND MOTION FOR A NEW TRIAL
¶ 7. Starkey asserts that the trial court erred in denying his motions for a directed verdict and for a new trial. Motions for directed verdict challenge the legal sufficiency of the evidence, while motions for a new trial concern the weight of the evidence presented to the jury. Bridges v. State, 790 So.2d 230, 235(¶ 13) (Miss.Ct.App.2001). This Court follows our supreme court's standard in reviewing denials of motions for directed verdict and will reverse only when the evidence is such that "reasonable and fair-minded jurors could only find the accused not guilty." McClain v. State, 625 So.2d 774, 778 (Miss. 1993).
¶ 8. Starkey first argues that it was error for the trial court to allow evidence of his refusal to take the breathalizer test and thus this error warranted a new trial. Because the issue concerning the admission of Starkey's refusal to submit to the breath test has already been addressed, no further attention need be directed to this argument.
¶ 9. Starkey's next arguments concerning the weight and the legal sufficiency of the evidence are premised upon the absence of blood alcohol or other conclusive scientific evidence of impairment due to intoxication, the lack of accuracy of the field sobriety test results performed during the stop, and the video evidence of Starkey maintaining his balance during the stop. Starkey argues that he is entitled to a new trial because the jury's verdict was against the overwhelming weight of the evidence.
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
Doolie v. State, 856 So.2d 669, 671(¶ 7) (Miss.Ct. App.2003).
¶ 10. In order to prove guilt of third offense felony DUI, the State has the burden to prove beyond a reasonable doubt that an accused was driving or operating a vehicle while either under the influence of an intoxicating liquor or with a blood alcohol content of at least 0.08%. Miss.Code Ann. § 63-11-30(1)(a), (c) (Rev.2004). Additionally, the State is required to prove that the accused has been twice convicted *903 of separate DUI charges within the previous five years of the arrest for the third DUI charge. Miss.Code Ann. § 63-11-30(2)(c) (Rev.2004).
¶ 11. In the case sub judice, the State's evidence consisted of testimony from Officer Mucciarone and Officer Barker. Both officers are trained in field sobriety procedures and certified to administer the tests that Starkey received. Officer Mucciarone testified that he observed Starkey unsteady on his feet, with red, watery eyes, a dazed stare, slurred speech and he sensed a strong odor of an intoxicating beverage coming from inside the vehicle. Officer Barker testified to the same indicators of intoxication. Officer Barker testified that Starkey also failed the two field sobriety tests conducted and that he refused the Intoxilyzer test. Additionally, both officers testified that Starkey admitted to drinking "a couple" prior to the stop. The State also introduced into evidence two prior sentencing orders in which Starkey had been convicted of separate DUI charges in Shelby County, Tennessee, within the five year time period previous to his arrest on September 18, 2004.
¶ 12. Based on the record before this Court, we find that the trial court did not err in denying Starkey's motion for a directed verdict. The trial judge denied Starkey's motion for directed verdict ruling that the State had offered sufficient proof that Starkey was driving his vehicle while under the influence of alcohol. The jury considered the evidence and returned a verdict against Starkey. We find that there was sufficient evidence to find Starkey guilty.
¶ 13. Further, based on the evidence before the jury, we find no error in the trial court's denial of Starkey's motion for a new trial. The jury sits as the fact-finder and determines the credibility of the witnesses and gives value to the weight of the evidence against the accused. Ward v. State, 881 So.2d 316, 323(¶ 31) (Miss.Ct. App.2004). In viewing the evidence in the light most favorable to the verdict, we find that a reasonable juror could have found Starkey guilty of third offense DUI based on the evidence presented. Therefore, the verdict was not so contrary to the weight of the evidence that to allow it to stand would sanction an unconscionable injustice, which is the standard required for this Court to disturb the jury's verdict on appeal.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FELONY DUITHIRD OFFENSE AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ONE YEAR POST-RELEASE SUPERVISION AND FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.