FAIR, J.,
for the Court:
¶ 1. Ivana Merritt appeals her conviction of aggravated DUI following a three-day jury trial in the Hinds County Circuit Court. Merritt was sentenced to twenty years’ imprisonment, with five years suspended and fifteen to serve.
¶ 2. She asserts trial court error in allowing her statements to the arresting officer, in allowing the reopening of direct testimony of a prosecution witness without prior cross-examination by the defense, and in instructing the jury. Finding no error, we affirm Merritt’s conviction and sentence.
FACTS
¶ 3. The accident occurred early in the morning of September 26, 2010. That night, a large number of vehicles had parked along Gallatin Street in Jackson between Interstate 20 and Pop’s, a honky-tonk. Some of the parked vehicles were obstructing traffic, so Officer Thaddeus Jones of the Jackson Police Department called for a tow truck to remove them. Robert Bounds, a tow truck driver, arrived on the scene and began loading his wrecker. To do so, he had to park in the road, further obstructing traffic. Officer Jones *1153 directed traffic with a flashlight. It was disputed whether Bounds had the flashers on his wrecker on, and there were varying characterizations of how well lit the scene was. While Bounds was attaching the second vehicle to his wrecker, a Chevrolet pickup truck driven by Merritt struck the side of the wrecker and ran over Bounds, carrying him about one and one-half car lengths down the road. Various witnesses to some or all of the accident described Merritt’s vehicle as accelerating before the crash and speeding away from the scene. The collision ripped the sheet metal from the passenger’s side of Merritt’s truck from its headlights to the end of the passenger’s door.
¶ 4. Chris Godfrey, a DUI enforcement officer with the JPD, was at a nearby gas station. When he heard the crash and saw Bounds’s body in the road, he and his partner hopped into their patrol car and chased after Merritt. Merritt ran a red light, got onto the interstate ramp, and then crossed a ditch from the ramp to the frontage road, a maneuver that required the police cruiser to make a u-turn to follow. As the officers closed with Merritt on the frontage road, she side-swiped a concrete barricade and braked hard, coming to a stop a short distance later. Merritt stepped out of the vehicle, threw her keys onto the ground, and she and her passenger surrendered without further incident. The chase was captured on the cruiser’s dash cam, though Merritt’s vehicle is only visible after the officers caught up on the frontage road.
¶ 5. According to Officer Godfrey, Merritt reeked of alcoholic beverages, had bloodshot eyes, slurred her speech, and admitted to having fourteen drinks that night — ten shots of vodka and four Budweiser beers. In the officer’s opinion, she appeared to be intoxicated. A half-empty bottle of vodka was found on the floor in the truck. Merritt refused to submit to a breathalyzer, and no blood test was performed.
¶ 6. Bounds survived, but he spent months in the hospital and was left with permanent impairments.
¶ 7. The theory of Merritt’s defense was that the scene was dark, the road was congested, and she hit the wrecker when she swerved to avoid the door of a parked car that opened suddenly into the road. Merritt testified she was also distracted by her companion, who was upset at being thrown out of the club for stripping on the dance floor. Merritt admitted to drinking that night, though she denied it was fourteen drinks. She testified she had stopped drinking early in the evening and was sober at the time of the accident. She explained her apparent flight by saying that she panicked and had little control over the vehicle because of the damage. She claimed she did not know she had hit a person until the police told her.
¶ 8. Merritt was convicted of aggravated DUI and she appeals, identifying three issues. Since there are two unrelated jury instructions challenged in her third issue,[1] we address four issues.
DISCUSSION
1. Miranda Warnings
¶ 9. In her first issue, Merritt argues the trial court erred in admitting her out-of-court statements to Officer Godfrey regarding how much she drank that night. Merritt contends the court erroneously applied an “exigent circumstances” exception to the Miranda rule. See Miranda v. *1154 Arizona, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
¶ 10. We can reverse a trial court’s denial of a motion to suppress only “if the incorrect legal principle was applied; if there was no substantial evidence to support a voluntary, knowing, and intelligent waiver of Miranda rights; and if the denial was a result of manifest error.” Scott v. State, 8 So.3d 855, 861 (¶ 22) (Miss. 2008). “The burden lies with the State to prove that a confession is voluntary.” Id. at (¶ 24). “[T]he burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness.” Id. (citation and quotation marks omitted). “The trial judge must determine beyond a reasonable doubt that a confession was voluntary and knowing and that the defendant was given his Miranda rights prior to any custodial interrogation.” Id. at (¶ 23).
¶ 11. In this case, Officer Godfrey testified he gave Merritt the Miranda warnings after handcuffing her and bringing her to his patrol car, and that she advised that she understood them. This was before she made the statement regarding how much alcohol she had consumed.
¶ 12. Merritt’s real complaint is not with the warnings, per se, but with the officers’ failure to get a written waiver. The “exigent circumstances” comment by the trial judge was in reference to Officer Godfrey’s testimony that Merritt would have had to be taken out of the handcuffs to sign the waiver.
¶ 13. “[0]ral Miranda warnings and waivers are effective if proven to the satisfaction of the trier of fact.” Taylor v. State, 789 So.2d 787, 793 (¶26) (Miss.2001) (quoting Dees v. State, 758 So.2d 492, 495 (¶ 7) (Miss.Ct.App.2000)). At the suppression hearing, Officer Godfrey’s account was uncontradicted.[2] We find no merit to this issue.
2. Recalling Officer Godfrey
¶ 14. During the State’s direct examination of Officer Godfrey, he was asked to identify Merritt in the courtroom. He could not. Merritt declined cross-examination, and the State asked the trial court to reopen its direct examination in an attempt to refresh the officer’s memory. The trial court granted the request, and after being shown Merritt’s driver’s license, which Godfrey had confiscated, he was able to identify her. The driver’s license was admitted into evidence. It was noted on the record that Merritt had changed her hair since the incident. After Godfrey was recalled, Merritt took the opportunity for a thorough cross-examination.
¶ 15. Mississippi Rule of Evidence 611(a) states: “The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.” Thus, “it is within the trial court’s discretion to decide whether to allow a witness to be recalled to the stand.” Ellis v. State, 661 So.2d 177, 179 (Miss.1995). “There is no hard and fast rule that a witness, once her testimony is *1155 complete, cannot be recalled to the stand.” Ellis v. State, 799 So.2d 159, 161 (¶7) (Miss.Ct.App.2001).
¶ 16. All of the authority presented by Merritt concerns the reopening of the State’s case-in-chief, not recalling a witness. No abuse of discretion has been shown, nor has Merritt shown any prejudice, particularly since the fact that she was driving the vehicle was never in dispute—Merritt’s attorney admitted as much in his opening statement. This issue is without merit.
3. Jury Instruction S-4
¶ 17. In this issue, Merritt challenges the trial court’s giving of instruction S-4, which reads:
“Any person who operates a motor vehicle upon the public highways, roads, and streets of Mississippi shall be deemed to have given consent to tests of their breath for the purpose of determining alcohol concentration by the act of such operation of a motor vehicle.” The instruction largely tracks the language of the statute, Mississippi Code Annotated section 68-11-5 (Supp.2012).[3]
¶ 18. Merritt has two concerns ■with the instruction. First, she contends it was “peremptory” on the issue of her intoxication because it “gave the presumption that [Merritt’s] refusal to submit to a breath test automatically made her intoxicated.” We disagree; a plain reading of the instruction does no such thing. Moreover, evidence of refusal was admissible as evidence of Merritt’s guilt, as provided by Mississippi Code Annotated section 63-11-41 (Rev.2004).
¶ 19. Merritt’s second argument against the instruction is that it impermis-sibly commented on her Fifth Amendment right not to be compelled to testify against herself. The same argument was made and rejected in Ricks v. State, 611 So.2d 212, 214-16 (Miss.1992). It is without merit because “refusal to submit is a physical act rather than a communication.” Id. at 216 (citing South Dakota v. Neville, 459 U.S. 553, 561, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983)).
¶ 20. We find no reversible error in the trial court’s giving instruction S-4.
4. Jury Instruction D-3
¶ 21. Finally, Merritt contends the trial court erred in refusing D-3, which states:
The Court instructs the jury that it is the duty of each and every member of the jury in this case to decide the issues presented for himself/herself, and if after consideration of all the evidence in this case and the instructions of the Court on the law and from consultation with their fellow jurors, there is a single juror who has a reasonable double of the Defendant’s guilt, it is their duty under oath, not to change their vote merely to agree with their fellow jurors, but to favor a verdict of not guilty so long as they entertain such reasonable doubt.
¶22. The Mississippi Supreme Court addressed the refusal of a similar instruc *1156 tion in Fulgham v. State, 46 So.3d 315, 328 (¶ 36) (Miss.2010). The court held:
The trial court denied the instruction as being repetitive and without foundation in the law. We find the jury was properly instructed that the State had the burden to prove its case beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. Further, when all instructions are read as a whole, we agree that proposed instruction D-54A is repetitious of instruction C-ll....
Id. In today’s case, the trial court gave instruction C-4, which, although more concise than the instruction in Fulgham, sufficiently communicates the same substance:
The verdict of the jury must represent the considered judgment of each juror. In order to return a verdict it will be necessary that each juror agree thereto. In other words, all twelve jurors must agree before a verdict can be rendered by the jury.
In Edlin v. State, 523 So.2d 42, 48-49 (Miss.1988), the supreme court held that what is required is that the jury be instructed its verdict must be unanimous. That was accomplished by instruction C-4.
¶ 23. “In reviewing challenges to jury instructions^] the [reviewing court] does not single out any instruction or take instructions out of context; rather, the instructions are to be read together as a whole.” Wallace v. State, 10 So.3d 913, 916 (¶ 9) (Miss.2009) (citation omitted). “[T]he [trial] court is allowed to refuse an instruction which ... is covered fairly elsewhere.” Id.
¶ 24. This issue is without merit.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF AGGRAVATED DUI AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. Mississippi Rule of Appellate Procedure 28(a)(3) requires that ''[e]ach issue presented for review shall be separately numbered in the statement [of the issues].”

. We must point out that the instruction omits the statutory requirement of "reasonable grounds and probable cause to believe that the person was driving or had under his actual physical control a motor vehicle upon the public streets or highways of this state while under the influence of intoxicating liquor or any other substance which had impaired such person’s ability to operate a motor vehicle.” Miss.Code Ann. § 63-11-5. Merritt has never objected on this basis, apparently because the evidence of probable cause was so overwhelming. Notwithstanding the procedural bar, we find any error in the instruction as given was harmless.

. Later, when she testified in her own defense, Merritt did claim she was not Miran-dized, but that testimony was not before the trial court in ruling on the motion to suppress.