**Ellord BRUCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–0156–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1987.

Discretionary Review Refused
April 6, 1988.

Randy Holzapple, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Carol M. Cameron, Harris Co. Asst. Dist. Atty., Houston, for appellee.

Before SAM BASS, WARREN and COHEN, JJ.

SAM BASS, Justice.

Appellant pled guilty to the third degree felony offense of theft, enhanced by two prior convictions, pursuant to Texas Penal Code Ann. sec. 31.03(e)(4)(c) (Vernon Supp. 1987).[1] The court admonished appellant concerning the consequences of his guilty plea, found appellant guilty, determined both enhancement paragraphs to be true, and assessed punishment at 10 years confinement in accordance with a plea bargain agreement. Appellant's right to appeal the denial of his pretrial motion to quash the enhancement allegations of the prior convictions was preserved.

We affirm.

In point of error one, appellant argues that the trial court erred in denying his motion to quash the enhancement allegation concerning his prior conviction (cause number 641,308), because the judgment in that prior misdemeanor conviction fails to affirmatively show a valid jury waiver. The judgment form language "no jury having been demanded" had been modified to read "jury having been waived." Appellant contends that this language is insufficient to create a presumption that appellant, *himself*, had waived jury trial, and thus the record was silent.

Appellant relies on *Samudio v. State,* 648 S.W.2d 312, 314 (Tex.Crim.App.), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983), which he cites as holding that a waiver of jury trial can never be presumed from a silent record. However, the rule in *Samudio* was limited to direct appeals, and has thus far not been extended to encompass collateral attacks, such as the one with which we are faced. *West v. State,* 720 S.W.2d 511, 519 (Tex.Crim.App. 1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2470, 95 L.Ed.2d 878 (1987) (explaining *Samudio* ). Furthermore, in a collateral attack, the burden is on the party attacking the validity of a conviction to show that the entire record is silent as to jury waiver. *West,* 720 S.W.2d at 519.

■ Therefore, even were *Samudio* extended to encompass collateral attacks, and the language in the judgment found insufficient to create a presumption that appellant *himself* waived a jury trial, appellant has failed to meet his burden to bring the entire record forward, to show that it is silent as to jury waiver.

■ If the language were found sufficient to create a presumption of jury waiver, appellant has also failed to meet the burden necessary to rebut such a presumption, because he has introduced no evidence to establish that he did not waive his right to a jury trial. *Breazeale v. State,* 683 S.W.2d 446, 451 (Tex.Crim.App.1984).

Point of error one is overruled.

In points of error two and three, appellant argues that the trial court erred in denying his motion to quash the enhancement allegations concerning his prior convictions (cause numbers 641,308 and 433,-

---

1. Section 31.03(e)(4)(c) states that an offense under this section is a felony of the third degree, if "the value of the property stolen is less than $750 and the defendant has been previously convicted two or more times of any grade of theft."

454), because the respective information and indictment for theft failed to allege one of the three different and distinct manners of deprivation, defined in Tex.Penal Code Ann. sec. 31.01(3) (Vernon 1974). Appellant argues that such failure constitutes failure to set forth all the required elements of the offense of theft, and thus the indictment is fundamentally defective.

Appellant cites *Hoover v. State*, 707 S.W. 2d 144 (Tex.App.—Houston [14th Dist.] 1986, pet granted), as holding that a similar defect failed to give adequate notice, and thus denial of the motion to quash the indictment was reversible error. However, *Hoover* has since been modified upon reconsideration, and this defect was found not to constitute reversible error because it did not impact the defendant's ability to prepare a defense. *Hoover v. State*, 736 S.W.2d 158 (Tex.App.—Houston [14th Dist.] 1987, no pet.) (applying the test set out in *Adams v. State*, 707 S.W.2d 900 (Tex.Crim.App.1986), and *Opdahl v. State*, 705 S.W.2d 697 (Tex.Crim.App.1986)). Furthermore, *Hoover* is distinguishable in two respects: (1) it dealt with a direct attack on the denial of a motion to quash an indictment, instead of a collateral attack on a prior conviction, and (2) the defect was not held to be a fundamental defect, as appellant is asking us to hold.

A fundamental defect in an indictment can be raised for the first time in a collateral attack. *Thomas v. State*, 589 S.W.2d 129, 130 (Tex.Crim.App.1979); *Ex parte McCurdy*, 571 S.W.2d 31 (Tex.Crim. App.1978). However, for an indictment to be fundamentally defective, it must fail to set forth all the elements of the offense. *Ex parte Bartmess*, 739 S.W.2d 51 (Tex. Crim.App.1987); *Ex parte McCurdy*, 571 S.W.2d at 31. The Texas Penal Code defines theft as the unlawful appropriation of property with the intent to deprive the owner of property. Sec. 31.03 (Vernon Supp.1987). A theft indictment has been held to be fundamentally defective if it fails to allege the essential element of intent to deprive. *Smith v. State*, 571 S.W. 2d 917, 919 (Tex.Crim.App.1978). However, the *Smith* court did not require that

the manner of deprivation, as defined in section 31.01, be alleged. Nor can we find any authority supporting the contention that the manner of deprivation is a required element of theft.

We, therefore, find that failure to allege the particular manner of deprivation in a theft indictment is not a fundamental defect.

Points of error two and three are overruled.

The judgment of the trial court is affirmed.