William C. GAFFNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–91–031–CR.

Court of Appeals of Texas, Texarkana.

July 9, 1991.

Discretionary Review Refused Sept. 25, 1991.

Carol Hammond, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

The state of Arkansas sought extradition of William Gaffney pursuant to the Uniform Criminal Extradition Act, TEX.CODE CRIM.PROC.ANN. art. 51.13 (Vernon 1979). Gaffney appeals from the district court's denial of relief on his post-conviction application for writ of habeas corpus, in which he sought to avoid extradition to Arkansas in order to serve a sentence for a conviction of aggravated robbery in that state. We affirm.

■ Gaffney contends that relief was improperly denied because the Governor's warrant and its supporting documents showed on their face that he had been tried on a felony charge on an information, contrary to the law of Texas. Neither side produced evidence of Arkansas law at trial.

Therefore, Gaffney urges that in the absence of evidence, the law in Arkansas is presumed to be the same as that in Texas. We decline to make that presumption. Although a trial court ordinarily does not on its own motion take judicial notice of the laws of other states, it can now do so on its own motion. TEX.R.CRIM.EVID. 202. Although the trial court apparently did not take judicial notice of the law of Arkansas, we reject the notion that an appellate court must look solely to the record made in the trial court for evidence of statutory provisions of the law of a sister state. Appellate courts are competent to ascertain the law of another state from readily available sources, and whether or not a complaint is sufficient under the law of a sister state is essentially a question of law on appeal. *Ex parte Mason*, 656 S.W.2d 470, 471 (Tex. Crim.App.1983). Amendment 21 to the constitution of the state of Arkansas permits the initiation of prosecution by information filed by the prosecuting attorney. *Orsini v. State*, 286 Ark. 283, 691 S.W.2d 175 (1985); *Guinn v. State*, 27 Ark.App. 260, 771 S.W.2d 290 (1989); Ark.Code Ann. § 16–85–302 (1987).[1] Accordingly, we determine as a matter of law that an information is a sufficient charging instrument under the laws of the state of Arkansas.

■ Gaffney further argues that the demand for extradition was insufficient because it does not specifically recite that he had escaped from confinement or violated the term of his bail, probation or parole. A *prima facie* case for extradition is established by the introduction of a Governor's warrant which is regular on its .face. *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Crim. App.1975); *Ex parte Sheffield*, 738 S.W.2d 75 (Tex.App.—Dallas 1987, pet. ref'd). The burden then shifts to the applicant to overcome this *prima facie* case.

■ Showing that a defendant has been convicted of a crime in another state is sufficient to allege his presence in the state at the time of the offense, and extradition

1. ARK.CODE ANN. § 16–85–302 (1987) provides:
   Whenever a defendant has been held to answer at a preliminary examination to await the action of the grand jury or has been held for the circuit court, the prosecuting attorney

   may proceed to file information in the circuit court and to trial of the case, provided the prosecuting attorney, with the consent of the circuit court, may nolle prosequi any indictment or information pending in the court.

is permitted even though a person leaves the demanding state involuntarily. This situation would necessarily not involve an allegation that he fled the state; therefore, under the disjunctive language of the article, it is unnecessary to allege all the requirements of Section 3 of the article in the form of the demand.[2] *Noe v. State*, 654 S.W.2d 701 (Tex.Crim.App.1983). It is apparent from the record of the hearing that Gaffney had been returned by Arkansas to Texas in order to complete a prison term prior to beginning his incarceration on a conviction in Arkansas. The Governor's warrant was examined and described as stating that Gaffney had been convicted and had fled from Arkansas.

We conclude that the trial court did not err by denying relief on Gaffney's application for habeas corpus. The order of the district court is affirmed.

**2.** Tex.Code Crim.Proc.Ann. art. 51.13, § 3 (Vernon 1979), provides as follows:

No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney.