**Scott Paul SCHNEIDER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–333–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 30, 1999.

Kearney & Westfall, William Reagan Wynn, Fort Worth, McColl & McColloch, Arch C. McColl, Dallas, Law Offices of Allan K. Butcher, Allan K. Butcher, Allan K. Butcher, Jr., Fort Worth, William Trantham, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Pamela J. Moore, John Hawkins, Rick Daniels, Asst. Dist. Attys., Denton, for Appellee.

Panel B: DAY, LIVINGSTON, and RICHARDS, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### Introduction

In this case we consider whether appellant Scott Paul Schneider waived his right to appeal. Because we conclude that appellant did in fact voluntarily and knowingly waive this right, we affirm the trial court's judgment. We therefore do not address appellant's eight points alleging various instances of reversible error.

### Factual Background

At trial, a jury found appellant guilty of aggravated assault. Before the punishment phase of the trial began, appellant entered into a plea agreement in which he waived both his right to have the jury set punishment and his right to appeal in exchange for the State's recommendations that there be no deadly weapon finding in the case and that the trial court assess thirty years' imprisonment.

Upon learning of the agreement, the trial court verified appellant's intent:

THE COURT: My understanding of the agreement is that you are going to ... waive your right to appeal on any issues. . . .

. . . .

Is that your understanding of the plea bargain agreement?

[APPELLANT]: Yes, it is.

. . . .

THE COURT: Let's address the Waiver of Appeal which is part of the plea bargain agreement at this time.

Are you freely and voluntarily waiving that right to appeal?

[APPELLANT]: Yes, sir, I am.

THE COURT: All right. And any question about that?

[APPELLANT]: No, sir.

### Discussion

As a preliminary issue, we disagree with the State's argument that rule 25.2(b)(3) of the Texas Rules of Appellate Procedure applies to this case to deprive this court of jurisdiction. That rule applies to judgments rendered on a defendant's plea of guilty or nolo contendere. *See* Tex.R.App. P. 25.2(b)(3). In this case, however, the jury determined appellant's guilt, and the trial court rendered its judgment on the basis of the jury verdict rather than on the basis of appellant's plea agreement on punishment. The trial court stated:

THE COURT: All right. I will accept the—the plea of true on [the first enhancement paragraph], and *combined with the verdict on the guilt/innocence* in the first paragraph, I find your—your plea is freely and voluntarily made, that it is supported by the evidence. I will find you guilty *based upon that verdict.* I will find the first paragraph true based upon your plea and the evidence presented in the case. [Emphasis added.]

Hence, rule 25.2(b)(3) does not apply and this court has jurisdiction to hear the merits of this case.

Nonetheless, a criminal defendant may knowingly and voluntarily waive the

right to appeal. *See Faulder v. Hill*, 612 S.W.2d 512, 514 (Tex.Crim.App.1980). So long as it is not made before trial, such waiver binds the defendant and prevents an appeal absent the trial court's consent. *See Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex.Crim.App.1978); *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex.Crim.App.1976); *Clayburn v. State*, 985 S.W.2d 624, 625 (Tex.App.—Waco 1999, no pet.).

■ Despite his assurances to the trial court that his waiver was voluntary, appellant now contends that he did not knowingly and voluntarily waive his appeal for two reasons. First, he claims that he was unaware that two prior Florida convictions used to enhance his sentence were constitutionally infirm and could be challenged in Texas. Second, appellant contends that the jury verdict was void because the jury charge differed from the indictment; he contends that a waiver based upon a void conviction is itself void. Because he believes his waiver is involuntary on these two grounds, he also urges us to consider trial court error that may have occurred due to jury misconduct.

■ We do not consider appellant's collateral attack upon the Florida convictions because he failed to timely introduce any record of these foreign proceedings in the trial court. In a collateral attack, as with a habeas corpus proceeding, it is appellant's burden to introduce evidence to demonstrate that the prior convictions are void. *See Acosta v. State*, 650 S.W.2d 827, 829 (Tex.Crim.App.1983); *Hankins v. State*, 646 S.W.2d 191, 200 (Tex.Crim.App. 1981) (Odom, J., dissenting). If an appellant desires a review of evidence, he must have offered that evidence at the trial court level for inclusion in the record. *See Miller v. State*, 736 S.W.2d 643, 648 (Tex. Crim.App.1987); *Thomas v. State*, 849 S.W.2d 405, 407 (Tex.App.—Fort Worth 1993, no pet.).

Appellant failed to introduce any evidence of the Florida proceedings either at trial or in his original motion for new trial.

Rather, appellant first attempted to raise this issue in a supplemental motion for new trial, filed two months after sentencing. According to the rules of appellate procedure, however, motions and amended motions for new trial must be filed thirty days after sentencing. *See* TEX.R.APP. P. 21.4. Accordingly, at the hearing on appellant's motion for new trial, the trial court refused to admit any documents of the Florida proceedings into evidence because the court found the issue was not timely raised.

On his first appeal to this court, appellant again sought to supplement the record with evidence of the Florida convictions. We granted appellant's motion to abate the appeal, ordering the trial court to conduct a hearing to determine whether appellant should be allowed to supplement the record. At that hearing, the trial court found that the record should not be supplemented because the "certified copies [of the Florida proceedings] were not offered or attempted to be offered at trial."

■ The standard of review for the exclusion of evidence is abuse of discretion. *See Erdman v. State*, 861 S.W.2d 890, 893 (Tex.Crim.App.1993); *Shavers v. State*, 985 S.W.2d 284, 286 (Tex.App.—Beaumont 1999, pet. ref'd). We cannot say the trial court abused its discretion in excluding evidence of the two foreign proceedings filed with the trial court two months after sentencing.

■ Nor can appellant's complaint regarding the jury charge be used to demonstrate the involuntariness of his waiver. An appellant who knowingly and voluntarily waives the right to appeal after the guilt/innocence phase of a trial cannot thereafter complain of errors committed during that phase. *See Bushnell v. State*, 975 S.W.2d 641, 644 (Tex.App.—Houston [14 th Dist.] 1998, pet. ref'd) (appellant cannot say that he was unaware of the errors that might be committed during his trial because he did not waive his right to appeal until the trial had reached its conclu-

sion). Like Bushnell, when appellant entered into his agreement with the State, he was left with very little bargaining power. The only thing he could offer the State in exchange for a fixed punishment was his right to appeal. *See id.*

Under the facts presented here, and considering the trial court's admonishments, appellant's waiver was both knowing and voluntary, and is therefore valid. We affirm the trial court's judgment.