CHANDLER, J.,
for the Court.
¶ 1. Roger Skinner was convicted of driving under the influence (DUI) second offense and reckless driving in the Justice Court of Tishomingo County. Pursuant to URCCC 12.02, Skinner appealed the convictions for a trial de novo to the Circuit Court of Tishomingo County, where he was also convicted of both charges in a bench trial. He appeals asserting two assignments of error which both go to the DUI charge: 1) the circuit court improperly denied his motion for a jury trial, and 2) the circuit court improperly failed to strike testimony by the arresting officer going to a statement made by Skinner at the time of his arrest. We find the first issue is controlling as to the disposition of this appeal and reverse and remand without addressing the second issue.
FACTS
¶2. On the evening of April 9, 1998, Officer Jerry Boyd of the Mississippi State Highway Patrol was dispatched to investigate a parked car alongside Highway 25 in Tishomingo County. Boyd determined that Skinner had pulled onto the Highway from a convenience store and lost control of his car, running off of the road approximately fifteen feet from the convenience store parking lot. Boyd found Skinner to be “disoriented,” and he “was under the driver’s seat.” Boyd then arrested Skinner, but he at no time advised him of his Miranda rights. At some point after being taken into custody, Boyd questioned Skinner, and Boyd testified that Skinner stated, “he had been taking some, I want to say some Darvocets for pain. I think it was he told me, I want to say Darvocet, Larvocet, some kind of drug he was taking.”
¶ 3. Skinner was convicted of DUI second offense and reckless driving in justice court and appealed to the circuit court. At the commencement of trial his attorney stated:
this Defendant has a right to a jury trial because this is a matter which carries a potential penalty of a fine between $600 and $1500 and possible imprisonment greater than six months in jail. And I simply want the record to show that we have not waived our right to a jury trial.
THE COURT: It will so reflect. Pursuant to Mississippi Uniform Circuit Court Rules he is not going to get a jury trial today. Proceed.
*784 During the bench trial that then took place, Skinner moved to strike Boyd’s statement as to the pain medication. The circuit court overruled that motion.
ANALYSIS
¶ 4. The issue presented in this case, as to whether a defendant charged with DUI second offense under Mississippi Code Annotated Section 63 — 11—30(2)(b) (Supp.2001) has a right to a jury trial, was addressed by our supreme court in Harkins v. State, 735 So.2d 317, 318 (Miss.1999) (citations omitted.).
Uniform Rules of Circuit and County Court Practice 12.02(c) provides in part that “[i]n appeals from justice or municipal court when the maximum possible sentence is six months or less, the case may be tried without a jury at the court’s discretion ...” Rule 12.02(c) thus only grants the trial court discretion to deny a defendant’s request for a jury trial in cases in which the maximum possible sentence is six months or less. This provision is based upon United States Supreme Court decisions presumption that offenses carrying maximum sentences of six months or less are “petty offenses” to which the Sixth Amendment right to trial by jury does not apply.
The Harkins court reversed and remanded a conviction when a trial court denied the request for a jury trial under the same facts and law present in this case. Id. Therefore, we reverse and remand the conviction of DUI second offense for further proceedings not inconsistent with this opinion.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS ARE ASSESSED TO TISHOMINGO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and BRANTLEY, JJ., CONCUR.