817 So.2d 605 (2002)
Gary R. CASE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KM-01685-COA.
Court of Appeals of Mississippi.
May 7, 2002.
*606 Charles E. Miller, Mccomb, attorney for appellant.
Office of the Attorney General by Charles W. Maris Jr., Jackson, attorneys for appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
THOMAS, J., for the Court.
¶ 1. On December 2, 1999, Gary Case (Case) pled no contest to a speeding violation and a first offense DUI. The Copiah County Justice Court ordered Case to pay a fine of $89 for the speeding violation and a fine of $250, court costs and attend Mississippi Alcohol Safety Education Program (MASEP) for the DUI violation. Case appealed to the Circuit Court of Copiah County and was found guilty in a bench trial. Aggrieved, Case now asserts the following errors:
I. THE TRIAL COURT ERRED IN REFUSING CASE A TRIAL BY JURY.
II. THE TRIAL COURT ERRED IN ADMITTING THE RESULTS OF THE INTOXILYZER TEST.
III. THE VERDICT OF THE LOWER COURT WAS NOT SUPPORTED BY THE SUFFICIENCY OF EVIDENCE.
IV. THE LOWER COURT VIOLATED CASE'S CONSTITUTIONAL DUE PROCESS RIGHTS.
Finding no error, we affirm.

FACTS
¶ 2. Officer Mark Henderson clocked Case driving a truck on Interstate 55 at a speed of eighty-six miles per hour. Henderson pursued Case and pulled him over. At that time, Henderson smelled alcohol on Case's breath and asked him to submit to an alchosensor test as well as a field sobriety test. Both tests indicated that Case was under the influence. Henderson took Case to the Copiah County Sheriff's Office and submitted Case to an Intoxilyzer 5000 machine. The intoxilyzer indicated that Case's blood alcohol content was .129 percent. At that time Henderson charged Case with DUI.
¶ 3. On December 2, 1999, Case pled no contest to a speeding violation and a first offense DUI. The Copiah County Justice Court ordered Case to pay a fine of $89 for the speeding violation. The court further ordered Case to pay a fine of $250, court costs and attend MASEP for the DUI violation. Case appealed to the Circuit Court of Copiah County and was found guilty in a bench trial.

ANALYSIS

I. DID THE TRIAL COURT ERR IN REFUSING CASE A TRIAL BY JURY?
¶ 4. It is established Mississippi case law and United States Constitutional law that a defendant is entitled to a jury trial when the offense carries a potential *607 sentence of more than six months. Walls v. Spell, 722 So.2d 566, 572 (Miss.1998). Contrary to Case's argument, the potential sentence to be examined is that for the particular offense for which the defendant is to be tried, not the potential sentence for any offense which might happen to be found within the same statute. This was Case's first offense DUI, therefore, there was no potential sentence of more than six months of incarceration. Miss.Code Ann. § 63-11-30(2)(a) (Rev.1996). Further, Case did not have a constitutional right to a jury trial. Harkins v. State, 735 So.2d 317, 318-19 (Miss.1999).

II. DID THE TRIAL COURT ERR IN ADMITTING THE RESULTS OF THE INTOXILYZER TEST?
¶ 5. Case complains that the admission of the certificate of calibration of the intoxilizer violated the confrontation clauses of both the Mississippi Constitution and the United States Constitution due to the fact that Case was not able to confront the person who conducted the most recent calibration tests on the intoxilizer. This issue has been addressed recently in McIlwain v. State, 700 So.2d 586 (Miss.1997), where our supreme court held:
The State clearly met the requirement for admission of the certificate of accuracy for the intoxilyzer. That is not to say, however, that the State is required to present the testimony and allow cross-examination of the calibrating officer, a misunderstanding of the law which may have been engendered by our recent decision in Young v. City of Brookhaven, 693 So.2d 1355 (Miss.1997). Rather, the State must present the testimony and allow cross-examination of the calibrating officer only in the absence of the certification of the intoxilyzer or where there is a genuine issue as to the authenticity of the certification, which, as stated above, may normally be authenticated by the method set out in Rule 901(b)(7).
Id. at 591. This argument has been addressed at least twice since McIlwain, and the same result has been reached. Harkins v. State, 735 So.2d 317, 319 (Miss. 1999); Zoerner v. State, 725 So.2d 811 (Miss.1998).

III. WAS THE VERDICT OF THE LOWER COURT SUPPORTED BY THE SUFFICIENCY OF EVIDENCE?
¶ 6. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). "Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court." Id. at 778. This occurred when the circuit court denied the motion for JNOV. Wetz v. State, 503 So.2d 803, 807-8 (Miss.1987). "If there is sufficient evidence to support a verdict of guilty, this Court will not reverse." Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss. 1985). The evidence here was more than sufficient to support the verdict.

IV. THE LOWER COURT VIOLATED CASE'S CONSTITUTIONAL DUE PROCESS RIGHTS.
¶ 7. Case argues that his constitutional right to due process was violated. Case claims that such rights were violated when he was not allowed access to a telephone call and a medical examination as a pre-trial detainee. After Case completed the intoxilyzer test, Henderson advised him that he had the right to make a telephone *608 call for legal or medical assistance, in conformity with Miss.Code Ann. § 63-11-5(4). Martha McGrillis, the jailer, testified that she allowed Case to use the telephone, although he had to call collect. McGrillis further explained that Case did use the telephone. McGrillis also testified that she advised Case to have his girlfriend call the hospital in order to have someone come to the jail and take a blood sample.
¶ 8. The relevant statute states that "[a]ny person arrested under the provisions of this chapter shall be informed that he has the right to telephone for the purpose of requesting legal or medical assistance immediately after being booked for a violation under this chapter." Miss.Code Ann. § 63-11-5(4). Further, this chapter continues to explain that:
The person tested may, at his own expense, have a physician, ... or any other qualified person of his choosing administer a test, approved by the state crime laboratory created pursuant to section 45-1-17, in addition to any other test, for the purpose of determining the amount of alcohol in his blood at the time alleged as shown by chemical analysis of his blood, breath or urine. The failure or inability to obtain an additional test by such arrested person shall not preclude the admissibility in evidence of the test taken at the direction of a law enforcement officer.
Miss.Code Ann. § 63-11-13. Case's argument suggests that he should have been supplied an alternative test by the State. This suggestion is clearly erroneous and this issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF A SPEEDING VIOLATION AND FIRST OFFENSE DUI AND SENTENCE OF $89 FINE AND $250 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.