**Mikeal Wayne TATE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–02–511–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 16, 2003.

Derek A. Adame, Denton, for Appellant.

Bruce Isaacks, Criminal District Atty., Emma O. Guzman, William A. Schultz, Asst. District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for State.

Panel F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant Mikeal Wayne Tate appeals his felony driving while intoxicated (DWI) conviction. In two issues, he complains that the trial court erred in denying his motion to quash the indictment because an out-of-state prior conviction for driving under the influence (DUI) that was alleged for enhancement purposes (1) did not specify whether he had been operating a motor vehicle while intoxicated and (2) is void because there was no evidence that he

voluntarily and intelligently waived his right to a jury trial.

## Factual and Procedural Background

Appellant was charged with felony driving while intoxicated. The indictment alleged that appellant had a prior DWI conviction in Dallas County, Texas and a prior DWI[1] conviction in Chickasaw County, Mississippi. Appellant filed a motion to quash the indictment arguing that the judgment in the Mississippi case did not indicate whether he had voluntarily waived his right to a jury trial and whether he was intoxicated at the time of the offense.[2] After a hearing, the trial court denied appellant's motion to quash. Appellant pled guilty to the offense and received a five-year sentence.

## Discussion

In his first issue, appellant alleges that the Mississippi DUI could not be used for felony enhancement purposes because the judgment did not specify whether he had been operating a motor vehicle while intoxicated. Appellant contends that the Mississippi DUI statute is vague and overbroad in that it allows a conviction for DUI based solely on the conduct of alcohol consumption rather than the conduct of driving in a state of intoxication; therefore, absent a statement in the judgment that the DUI was based on conduct showing the defendant was actually "intoxicated" while driving, a conviction under that statute cannot be used for enhancement purposes under penal code section 49.09(b)(2). TEX. PENAL CODE ANN. § 49.09(b)(2). The State responds that the indictment was properly enhanced because the Mississippi DUI statute requires more than a mere showing that the defendant consumed alcohol.

■ A trial court's denial of a motion to quash is reviewed for an abuse of discretion. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App. [Panel Op.] 1981) (op. on reh'g); *State v. Abdallah*, 64 S.W.3d 175, 176 (Tex.App.-Fort Worth 2001, pet. ref'd). An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh'g). Appellant had the burden to prove that his Mississippi conviction could not be used for section 49.09 enhancement purposes.[3] *See Wheat v. State*, 537 S.W.2d 20, 21 (Tex.Crim.App.1976); *State v. Perez*, 948 S.W.2d 362, 364 (Tex.App.-Eastland 1997, pet. ref'd); *Bell v. State*, 814 S.W.2d 229, 231 (Tex.App.-Houston [1st Dist.] 1991, pet. ref'd).

1. While the indictment identified the offense as a DWI, the Mississippi judgment appellant introduced as an exhibit at the hearing on the motion to quash showed that appellant was convicted of "DUI 1st."

2. Except for transferred misdemeanors and misdemeanors involving official misconduct, the trial court has jurisdiction over felony cases only. *See* TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp.2003); TEX. GOV'T CODE ANN. § 24.512 (Vernon Supp.2003). If the Mississippi conviction is void, the indictment alleged only a misdemeanor, depriving the trial court of jurisdiction. *See* TEX. PENAL CODE ANN. § 49.09(a) (Vernon 2003); *Mitchell v. State*, 821 S.W.2d 420, 423 (Tex.App.-Austin 1991, pet. ref'd). If the trial court lacked jurisdiction over the case, it should have transferred it to a court having jurisdiction over misdemeanor cases. *See* TEX.CODE CRIM. PROC. ANN. art. 21.26 (Vernon 1989); *Mitchell*, 821 S.W.2d at 423.

3. The prior convictions are elements of felony DWI, which the State must allege in the indictment and prove *at trial*. *See* TEX. PENAL CODE ANN. § 49.09(b); *Luedke v. State*, 711 S.W.2d 657, 659 (Tex.Crim.App.1986). Thus, appellant could also have challenged the sufficiency of the State's evidence of the prior conviction had he not pled guilty. *See, e.g., Orona v. State*, 52 S.W.3d 242, 245–48 (Tex. App.-El Paso 2002, no pet.).

Under Texas Penal Code section 49.09, an offense is a felony of the third degree if a person has previously been convicted two times of any offense relating to the operation of a motor vehicle while intoxicated. Tex. Pen.Code Ann. § 49.09(b)(2). An "offense under the laws of another state that prohibit[s] the operation of a motor vehicle while intoxicated" is considered an "[o]ffense relating to the operating of a motor vehicle while intoxicated." *Id.* § 49.09(c)(1)(F). Section 49.01(2) defines "intoxicated" as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

(B) having an alcohol concentration of 0.08 or more.

*Id.* § 49.01(2).

The Mississippi DUI statute provides, in pertinent part, that "[i]t is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor ... [or] (d) is under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law." Miss.Code Ann. § 63–11–30(1) (Supp.2003). Appellant contends that this language allows a conviction based solely on the conduct of having consumed any detectable amount of alcohol or drugs and, thus, does not fall within the definition of "intoxicated" set forth in section 49.01.

▇▇▇ Neither party asked the trial court to take judicial notice of Mississippi's DUI law at trial, but the State asks this court to take judicial notice of it on appeal. In addition, appellant's brief refers us to and asks us to consider the controlling Mississippi statute. Rule 202 provides that a court "upon the motion of a party

*shall*" take judicial notice of the laws of other states and that judicial notice *"may* be taken at *any stage* of the proceeding." Tex.R. Evid. 202 (emphasis added); *compare with* Tex.R.Crim. Evid. 202, 701–702 S.W.2d (Tex.Cases) XXXV (1986, amended 1998) (providing that court *may* take judicial notice upon a party's motion). We may take judicial notice of another state's law for the first time on appeal. *See Tompkins v. State,* 774 S.W.2d 195, 215 (Tex.Crim.App.1987), *aff'd* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989); *Ex parte Mason,* 656 S.W.2d 470, 471 (Tex. Crim.App.1983); *Gaffney v. State,* 812 S.W.2d 439, 440 (Tex.App.-Texarkana 1991, pet. ref'd); *Nubine v. State,* 721 S.W.2d 430, 434 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd); *see* Cathleen C. Herasimchuk, Texas Rules of Evidence Handbook 153–54 (4th ed.2001). Accordingly, we take judicial notice of the laws of Mississippi with respect to DUI.

In *Leuer v. City of Flowood,* the Supreme Court of Mississippi held that section 63–11–30 was not unconstitutionally vague. 98-KA-00062-SCT, ¶ 12, 744 So.2d 266, 269 (Miss.1999). In reaching its conclusion, the court discussed a Third Circuit case, which noted that for over a century, driving "under the influence" has been commonly understood to mean "driving in a state of intoxication that lessens a person's normal ability for clarity and control" and recognized that "[t]his common understanding is consistent with the obvious purpose of drunk driving statutes; i.e., to prevent people from driving unsafely due to an alcohol-induced diminished capacity." *Id.* (quoting *Gov't of Virgin Islands v. Steven,* 134 F.3d 526, 528 (3rd Cir.1998)); *see also Holloman v. State,* 2000-KA-00868-COA, ¶ 42, 820 So.2d 52, 62 (Miss. Ct.App.2002) (King, P.J., dissenting) (noting that driving under the influence requires state to prove that defendant was driving in "a state of intoxication that less-

ens a person's normal ability for clarity and control"). Thus, for purposes of section 63–11–30, driving under the influence requires more than a mere showing that a person has consumed an intoxicating substance. *See Leuer*, 98-KA-00062-SCT at ¶¶ 12-13, 744 So.2d at 269; *Holloman*, 2000-KA-00868-COA at ¶¶ 21-24, 820 So.2d at 58–59; *Brewer v. State*, 2001-KA-00413-COA, ¶¶ 4-6, 812 So.2d 1153, 1155 (Miss. Ct.App.2002) (finding evidence of DUI sufficient because jury could "reasonably conclude that Brewer was under the influence of intoxicants to the degree that his motor skills necessary to properly operate a motor vehicle were impaired").

Appellant argues that a bare DUI judgment is not enough to grant reliability and certainty as to whether he was actually convicted of being intoxicated while operating a motor vehicle or only of driving under the influence. Because the Mississippi statute requires the state to prove not only that the defendant consumed an intoxicating substance but also that the substance lessened the defendant's normal ability for clarity and control, appellant's argument fails.

 Appellant provided no authority to the trial court on this issue other than *Samudio v. State*, which deals with the necessity that the record show a waiver of a right to jury trial and is inapposite. 648 S.W.2d 312, 315 (Tex.Crim.App.), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). Furthermore, a conviction for driving under the influence in Mississippi requires proof of a diminished mental or physical state as does the definition of intoxication set out in penal code section 49.01(2). TEX. PENAL CODE ANN. § 49.01(2). In addition, the supreme court of Mississippi has held that the statute provides adequate notice of the prohibited conduct and is not vague and overbroad. *Leuer*, 98–KA–00062–SCT at ¶ 12, 744 So.2d at 269. Thus, appellant failed to

meet his burden of proof. *See Wheat*, 537 S.W.2d at 21; *Perez*, 948 S.W.2d at 364; *Bell*, 814 S.W.2d at 231. Appellant's first issue is overruled.

 In his second issue, appellant contends that the Mississippi DUI was void because there was no evidence that he voluntarily and intelligently waived his right to a jury trial. An alleged prior conviction used for enhancement may be collaterally attacked if it is void or if it is tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim.App. [Panel Op.] 1979). When an appellant collaterally attacks a prior conviction, he has the burden of proving that the prior conviction is void. *Johnson v. State*, 725 S.W.2d 245, 247 (Tex.Crim.App. 1987); *Schneider v. State*, 9 S.W.3d 466, 468 (Tex.App.-Fort Worth 1999, no pet.). An appellant attempting to collaterally attack a prior conviction on the grounds that it does not show a waiver of jury trial has the burden of showing that the *entire* record is silent on jury waiver. *West v. State*, 720 S.W.2d 511, 519 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1072, 107 S.Ct. 2470, 95 L.Ed.2d 878 (1987); *Bruce v. State*, 744 S.W.2d 618, 619 (Tex.App.-Houston [1st Dist.] 1987, pet. ref'd). Because appellant failed to introduce the entire record from the prior conviction or any evidence that he did not waive his right to a jury trial, he failed to meet his burden. *See Bruce*, 744 S.W.2d at 619.

Furthermore, under Mississippi law, appellant was not entitled to a jury trial for a first-time DUI. Mississippi law provides that when the maximum possible sentence for an offense is six months or less, the case may be tried without a jury at the court's discretion. MISS. UNIF. R. CIR. AND COUNTY CT. PRACTICE 12.02(c); *Harkins v. State*, 97–KA–01138–SCT, ¶ 2, 735 So.2d 317, 318 (Miss.1999). This provision is based upon the presumption that offenses

carrying maximum sentences of six months or less are "petty offenses," to which the Sixth Amendment right to trial by jury does not apply. *See Lewis v. United States,* 518 U.S. 322, 326, 116 S.Ct. 2163, 2166–67, 135 L.Ed.2d 590 (1996); *Blanton v. City of N. Las Vegas,* 489 U.S. 538, 542–43, 109 S.Ct. 1289, 1293, 103 L.Ed.2d 550 (1989); *see also Harkins,* 97–KA–01138–SCT at ¶ 2, 735 So.2d at 318. Thus, when the punishment is less than six months, a jury trial is not required. *Skinner v. State,* 2000–KM–01781–COA, ¶ 4, 809 So.2d 782, 784 (Miss.Ct.App.2002). In *Case v. State,* the court of appeals specifically stated that because the possible punishment for a first DUI is less than six months' confinement, a person does not have a constitutional right to a jury trial. 2000–KM–01685–COA, ¶ 4, 817 So.2d 605, 607 (Miss.Ct.App.2002).

Appellant did not have a constitutional right to a jury trial because he was charged and convicted of a first DUI offense in Mississippi, which carried a maximum sentence of six months or less. He cannot now claim that the judgment is void because it does not show that he waived his right to a jury trial when he did not have the right to waive it in the first place. Appellant has failed to meet his burden of proving that the Mississippi conviction is void. *See Humphrey v. State,* 681 S.W.2d 223, 224 (Tex.App.-Houston [14th Dist.] 1984, no pet.) (holding that appellant had burden in collateral attack on Ohio conviction to prove that the Ohio judgment did not conform to the laws of Ohio). Thus, the trial court did not abuse its discretion by denying the motion to quash. Appellant's second issue is overruled.

**Conclusion**

Having overruled both of appellant's issues, we affirm the trial court's judgment.

DAUPHINOT, J. filed a concurring opinion.

LEE ANN DAUPHINOT, Justice concurring.

I respectfully disagree with the majority's analysis but concur in the result. The majority relies on rule 202 of the Texas Rules of Evidence that both requires us to take judicial notice of Mississippi law and grants us the discretion to take judicial notice.[1]

The trial court was not presented with Mississippi law when asked to rule on Appellant's motion to quash. By requiring this court to take judicial notice of Mississippi law in ruling on whether the trial court erred in denying the motion, the rules of evidence appear to require this court to retry the motion with the aid of information not afforded to the trial court. This scheme can only lead to the inadvertent sandbagging of the trial judge. How could this court ever justly hold that a trial court erred by failing to consider law never presented to that court? We should be required to look only to the information available to the trial court in determining error.

When foreign law is not presented to the trial court for judicial notice, the foreign law is presumed to be the same as Texas law.[2] The case before us is a felony DWI.[3] As the majority points out, Appellant's prior conviction is an element of the offense.[4] Had Appellant not pled guilty, would we be obligated to determine a sufficiency challenge based on the evidence before the

---

1. Tex.R. Evid. 202.

2. *Langston v. State,* 776 S.W.2d 586, 587 (Tex. Crim.App.1989).

3. *See* Tex. Penal Code Ann. § 49.09(b) (Vernon 2003).

4. *See id.*

trier of fact or the evidence as supplemented at the appellate level? Surely due process requires us to examine the record as it existed at the time of trial whether we are ruling on a sufficiency issue or a question of abuse of discretion. To the extent that rule 202 does not permit us to do so, I respectfully submit that rule 202 should be reexamined.