# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00336-CR

**Jeffrey Rawson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 2024294, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Jeffrey Rawson appeals his conviction for felony driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003), § 49.09 (West Supp. 2004-05). After appellant's motion to quash the indictment for lack of jurisdiction was denied, he pled guilty and was sentenced to eight years' imprisonment. In one issue on appeal, appellant contends that the trial court abused its discretion in denying his motion to quash the indictment.

Appellant was charged with felony driving while intoxicated for an offense occurring on November 6, 2002. The indictment included three prior driving while intoxicated offenses: a guilty plea on November 18, 1987, for which he received two years' probation, revoked on November 30, 1989, after which he served 150 days in jail; a second guilty plea to an offense on October 31, 1989, for which he was sentenced to 100 days in jail and fined $400; and, on December

7, 1991, a guilty plea to felony driving while intoxicated, which conviction became final on January 9, 1992, with a sentence of seven years' imprisonment and a $500 fine.

## Discussion

The offense of driving while intoxicated is a Class B misdemeanor. Tex. Pen. Code Ann. § 49.04 (West 2003). The offense is elevated to a Class A misdemeanor if the defendant has one previous intoxication offense. *Id*. § 49.09(a) (West Supp. 2004-05). The offense becomes a third-degree felony if the defendant has previously been convicted once of intoxication manslaughter, or twice of any other intoxication offenses. *Id*. § 49.09(b)(1), (2). The statute imposes a remoteness restriction on the use of prior convictions. *Id*. § 49.09(e). Appellant contends that the district court lacked jurisdiction because there were not enough prior offenses to cause his November 6, 2002 offense to be elevated to a third degree felony.

### *Pro Se Representation*

Appellant argues that the 1987 and 1989 prior convictions that were used to enhance the offense were void because he was not represented by an attorney and no proper waiver of representation existed. Accordingly, he argues, the trial court lacked jurisdiction because the offense was not a felony.

Appellant is bringing a collateral attack on previous convictions through his motion to quash. In such a collateral attack, appellant has the burden to show that he did not waive a particular right. *West v. State*, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986) (holding that appellant failed to meet his burden to attack collaterally prior convictions because he did not produce all

2

records to show absence of jury waiver or evidence that law requires such waiver to be reflected on face of judgment); *Tate v. State*, 120 S.W.3d 886, 890 (Tex. App.—Fort Worth 2003, no pet.) (burden of proof in collateral attack on appellant; must show entire record silent on jury waiver); *Schneider v. State*, 9 S.W.3d 466, 468 (Tex. App.—Fort Worth 1999, no pet.) (appellant has burden to show prior convictions void; must have offered evidence at trial for inclusion in the record). Appellant provided no evidence to show that he did not waive his right to counsel. In fact, the record shows the plea bargains with a signed waiver of counsel. Accordingly, he has failed to meet his burden to mount a successful collateral attack. We turn next to his argument concerning which version of section 49.09(e) applies.

***Which version of Penal Code section 49.09 applies?***

Effective September 1, 2001, section 49.09(e) was amended to read:

(e) Except as provided in subsection (f), a conviction may not be used for purposes of enhancement under this section if:

(1) The conviction was final under subsection (d);

(2) The offense for which the person is being tried was committed more than 10 years after the latest of:

(A) the date on which the judgment was entered for the previous conviction;

(B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;

(C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the

3

term to which the person was sentenced for the previous conviction; or

(D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and

(3) the person has not been convicted of an offense . . . within 10 years of the latest date under Subdivision 2.

The previous version of this section read:

(e) A conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was final under Subsection (d) and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense . . . committed within 10 years before the date on which the offense for which the person is being tried was committed.

Act of May 25, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Gen. Laws 1214.

Appellant argues that the current version of section 49.09 does not apply to his case. He argues that the change in the law applies only to an offense committed on or after the effective date of the act, September 1, 2003.[1] An offense is committed before the effective date if any element of the offense was committed before that date. Although the instant offense was committed November 6, 2002, appellant urges that the old law should apply because the prior offenses are

---

[1] Appellant and the State appear to agree that under the law in effect before September 1, 2001, there were not enough usable prior offenses to qualify as a third degree felony. We will assume for the purposes of argument that the parties are correct. Under the law in effect after September 1, 2001, appellant's prior offenses comply with the analysis of section 49.09(e) given in *Getts v. State*, 155 S.W.3d 153, 156-57 (Tex. Crim. App. 2005) and are usable.

elements of the current offense. Therefore, he urges, because some elements of the offense occurred before the effective date of the new law, the old law applies.

In *Weaver v. State*, the court discussed prior offenses as an element of felony driving while intoxicated. 87 S.W.3d 557, 560 (Tex. Crim. App. 2002).[2] It started by noting that an element of the offense is defined as the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense. *Id*. (citing Tex. Pen. Code Ann. § 1.07(a)(22)). It then cited *Gibson*[3] and stated that two (or more) prior intoxication-related offenses are "*specific attendant circumstances* that serve to define, in part, the forbidden conduct of the crime of felony driving while intoxicated." *Id*. In contrast, Penal Code section 49.09(e) does not describe an element of the offense, but rather defines when a prior intoxication-related offense may be used as an element of the offense of felony driving while intoxicated:

> That is, § 49.09(e) does not describe the forbidden conduct, the required culpability, any required result, nor does it create an exception to the offense. Rather, § 49.09(e) bars the State, in certain circumstances, from proving all of the elements of the offense. In that sense, § 49.09(e) is more akin to a rule of admissibility, as opposed to an element of the offense.

*Id*. at 561 (citations and footnote omitted).

As noted in *Weaver*, Penal Code sections 49.04 and 49.09(b) define the offense of felony driving while intoxicated. Section 49.09(b) makes an offense under 49.04 a third-degree felony under certain circumstances. Neither of these sections underwent any change in the 2001

---

[2] *Castillo v. State*, 95 S.W.3d 285, 286 (Tex. Crim. App. 2003), applied the Weaver "elements" analysis to the current version of the law.

[3] *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999).

5

legislation affecting the elements of the offense.  The section about which appellant argues, section 49.09(e), does not define an element of the offense.  *See Weaver*, 87 S.W.3d at 561 (section 49.09(e) not element; "akin to rule of admissibility").  All of the elements of the offense were committed after September 1, 2001, and the new version of 49(e) applies.

We overrule appellant's issue presented and hold that the trial court did not abuse its discretion in overruling appellant's motion to quash.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   August 31, 2005

Do Not Publish