

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00133-CV

IN RE: THE COMMITMENT OF
JEFFEREY WILLIAMS

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. D372-S-13255-16

----------

## MEMORANDUM OPINION[1]

----------

Jefferey Williams appeals from an order civilly committing him as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.003 (West 2017). In a single issue, he argues that the evidence is insufficient to support the finding that he is a "repeat sexually violent offender" because nothing in the record shows that his prior New Jersey conviction for sexual assault was in

---

[1]*See* Tex. R. App. P. 47.4.

accordance with a statute requiring elements that are substantially similar to the Texas sexual assault statute.  We affirm.

**Background**

The State filed a petition seeking to have Williams committed for treatment and supervision as a sexually violent predator.  The State alleged that Williams is a repeat sexually violent offender because of two prior convictions:  a 2011 sexual assault conviction in Tarrant County and a 1982 sexual assault conviction in Bergen County, New Jersey.  The trial court held a jury trial in accordance with Williams's jury demand.  *See id.* § 841.146(a) (West 2017).

At trial, the evidence showed that in 2011 Williams had pleaded guilty to a sexual assault in Tarrant County and was sentenced to eight years' confinement. The record also contains (1) a 1982 judgment showing that Williams had been convicted of sexual assault in New Jersey in 1982 and (2) the New Jersey indictment alleging that Williams had committed the sexual assault by "performing vaginal intercourse upon [the victim], through the use of force or coercion, [and the] victim [did] not sustain[] severe personal injury, contrary to the provisions of NJS 2C:14-2c(1)."  In the judgment, under the heading "Reason for imposition of sentence," the trial judge noted, in part, the "[h]einous and violent nature of [the] offense," describing the crime as "vicious and severe."

The State also asked the trial court to take judicial notice of the part of health and safety code section 841.002 that defines what constitutes a sexually violent offense.  *Id.* § 841.002(8)(G) (West 2017).  When the trial judge asked if

2

Williams's counsel objected to his taking judicial notice, counsel replied, "Not of the Texas statute . . . ."

After the State closed its case, Williams's counsel moved for a directed verdict, contending that the State had not brought forward sufficient proof that the 1982 New Jersey sexual assault conviction was based upon a statute with substantially similar elements as the Texas sexual assault statute. The State responded that it had brought forward enough evidence to raise a fact question for the jury, and the trial judge indicated that he thought that the State had raised sufficient evidence to make the question "a factual issue for the jury." Although Williams's counsel responded that whether the statutes are substantially similar is a matter of law and that the State had not provided the court with any documents that would allow the judge to take judicial notice of the elements of New Jersey's statute, the trial court denied Williams's motion for a directed verdict.

The jury answered yes to a single question: "Do you find beyond a reasonable doubt that JEFFEREY WILLIAMS is a sexually violent predator?" *See id.* § 841.062(a) (West 2017). The trial court accordingly ordered Williams committed to a supervised sex offender treatment program under section 841.081 of the health and safety code. *Id.* § 841.081 (West 2017). Williams has appealed the order and implicit finding that he is a "repeat sexually violent offender."

3

**Applicable Law**

Section 841.081 of the Texas Health and Safety Code provides that if a judge or jury determines that a person is a sexually violent predator, the judge must commit the person for treatment and supervision by the Texas Civil Commitment Office. *Id.* To determine that a person is a sexually violent predator, the fact finder must find that the person (1) is a repeat sexually violent offender and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a). A person is a repeat sexually violent offender if the person has been convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses. *Id.* § 841.003(b); *In re Commitment of Williams*, No. 01-16-00745-CV, 2017 WL 5892389, at *6 (Tex. App.—Houston [1st Dist.] Nov. 30, 2017, no pet. h.). The health and safety code defines "[s]exually violent offense," in part, as "an offense under the law of another state, federal law, or the Uniform Code of Military Justice that contains elements substantially similar to the elements of an offense listed in Paragraph (A), (B), (C), (D), or (E)." Tex. Health & Safety Code Ann. § 841.002(8)(G). Included in paragraph 8(A) is the offense of sexual assault in the Texas Penal Code. *Id.* § 841.002(8)(A); Tex. Penal Code Ann. § 22.011(a)(1)(A) (West Supp. 2017).

**State Proved New Jersey Conviction Was For a Sexually Violent Offense**

Williams's first of several assertions in his sole issue is that because the State did not offer the applicable New Jersey statute into evidence or ask the trial

4

court to take judicial notice of it in compliance with rule of evidence 202, "the repeat-sexually-violent-offender component of the sexually-violent-predator determination is not—and, in this case, can never be—supported by legally sufficient evidence as a matter of law." Williams does not, however, argue that the evidence is insufficient to support a finding that he was actually convicted of the New Jersey offense of sexual assault in 1982.

Williams's first argument is without merit. The trial court could have sua sponte judicially noticed the New Jersey statute under which Williams was convicted. *See* Tex. R. Evid. 202. But even if it did not, we presume that New Jersey's sexual assault law is identical to Texas's. *See, e.g.*, *Langston v. State*, 776 S.W.2d 586, 588–89 (Tex. Crim. App. 1989); *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 414 (Tex. App.—Fort Worth 2009, no pet.). In criminal cases, this same principle applies even if a conviction under another state's law is required to prove an element of the offense. *See McGuire v. State*, 493 S.W.3d 177, 191–92 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd), *cert. denied*, 137 S. Ct. 2188 (2017); *Compton v. State*, No. 02-14-00319-CR, 2015 WL 4599367, at *2 (Tex. App.—Fort Worth July 30, 2015, no pet.) (mem. op., not designated for publication); *cf. Ozuna v. State*, No. 03-10-00287-CR, 2011 WL 2139092, at *3 (Tex. App.—Austin May 27, 2011, no pet.) (mem. op., not designated for publication) (concluding that proof of Nebraska conviction for assault by a confined person was sufficient to enhance punishment even though State never proved the offense was a felony under Nebraska law because Texas law

5

provides that any offense punishable by confinement in the penitentiary is a felony). Thus, Williams's second argument in his sole issue—that this court should decline to take judicial notice of the New Jersey statute for the first time on appeal even though we are entitled to do so—would not entitle him to relief. *See Tate v. State*, 120 S.W.3d 886, 889 (Tex. App.—Fort Worth 2003, no pet.).

Further, even if we were to take judicial notice of the elements of the New Jersey statute under which Williams was convicted in 1982,[2] we would nevertheless conclude that those elements are substantially similar to the elements of sexual assault under the Texas Penal Code, thus supporting the conclusion that the 1982 conviction was for a sexually violent offense as defined by health and safety code section 841.002(8)(G).

To determine whether the New Jersey and Texas statutes contain substantially similar elements, we can look to cases about punishment enhancement under penal code section 12.42 because it uses the same "substantially similar" elements language as the sexually violent predator statute. Tex. Penal Code Ann. § 12.42 (West Supp. 2017) ("[A] conviction under the laws of another state for an offense *containing elements that are substantially similar to the elements of an offense listed under Subsection (c)(2)(B)* is a conviction of

---

[2]*See In re Commitment of Cleaveland*, No. 09-12-00428-CV, 2014 WL 4364263, at *3–8 (Tex. App.—Beaumont Sept. 4, 2014, pet. denied) (mem. op.) (using de novo review in comparing New Mexico and Texas statutes to determine, as a matter of law, that New Mexico offense of "criminal sexual contact of a minor" is a sexually violent offense under health and safety code chapter 841), *cert. denied*, 136 S. Ct. 75 (2015).

6

an offense listed under Subsection (c)(2)(B)" (emphasis added)); *see In re Commitment of Cleaveland*, No. 09-12-00428-CV, 2014 WL 4364263, at *4–8 (Tex. App.—Beaumont Sept. 4, 2014, pet. denied) (mem. op.) (citing Texas Court of Criminal Appeals opinions determining whether out-of-state convictions were available for punishment enhancement as authority for evaluating whether out-of-state conviction is sexually violent offense under chapter 841). In interpreting whether an out-of-state offense has substantially similar elements as a Texas offense for section 12.42 purposes, the court of criminal appeals has considered (1) whether the statutory elements have a high degree of likeness (but not whether they are identical), (2) whether the statutes seek to prevent a similar danger to society, and (3) whether the "class, degree, and punishment range of the two offenses are substantially similar." *Anderson v. State*, 394 S.W.3d 531, 536 (Tex. Crim. App. 2013); *Prudholm v. State*, 333 S.W.3d 590, 594–99 (Tex. Crim. App. 2011). Williams challenges only whether the New Jersey and Texas sexual assault statutes are substantially similar with respect to punishment range.

The current New Jersey Code of Criminal Procedure provides that "[a]n actor is guilty of sexual assault if he commits an act of sexual penetration with another person . . . [and] uses physical force or coercion, but the victim does not sustain severe personal injury." N.J. Stat. Ann. § 2C:14-2(c)(1) (Westlaw, through L. 2017, c. 240 & J.R. No. 19). The offense is punishable as a "crime of the second degree." *Id.* 2C:14-2(d). Because Williams was indicted for that

7

offense in June 1981, we look to the version of the statute then in effect. *See Prudholm*, 333 S.W.3d at 596 & n.26. The part of section 2C:14-2(c)(1) defining sexual assault and providing that a conviction for sexual assault is to be punished as a second-degree crime has not substantively changed since 1978. *See* Act approved August 10, 1978, ch. 95, § 2C:14-2, 1978 N.J. Laws 548–49, 694, http://www.njstatelib.org/wp-content/uploads/law_files/L_1978.pdf. Since at least 1978, New Jersey has punished a second-degree crime by confinement for no less than five years but no more than ten years and a fine of up to $100,000. *Id.* §§ 2C:43-3(a), 43-6(a)(2), 1978 N.J. Laws 630–32.

The Texas sexual assault statute provides that a person commits a second-degree felony offense if the person intentionally or knowingly causes the penetration of the sexual organ of another person by any means without the other person's consent. Tex. Penal Code Ann. § 22.011(a)(1)(A), (f). The range of punishment for a second-degree felony in Texas is between two and twenty years' confinement and up to a $10,000 fine. *Id.* § 12.33 (West 2011).

The 1982 New Jersey sexual assault statute therefore subjected an offender to a higher minimum term of confinement than the Texas statute—five years as opposed to two—but a lower maximum term—ten years versus twenty. And New Jersey allowed for the imposition of a much higher fine. Nevertheless, we conclude that these dissimilarities are not significant in light of the purpose and history of chapter 841 because both punishment ranges indicate that the seriousness of the offense is similar within the respective legislative schemes.

*See In re Cleaveland*, 2014 WL 4364263, at *7 ("The Legislature intended, through the SVP statute, to prevent repeated predatory behavior by providing sex offender treatment to persons who are afflicted with such a difficulty in controlling their behaviors that they are predisposed to sexual violence, and thereby represent a menace to the health and safety of others."). Since 1978, New Jersey has had four levels of "crimes" and two types of "disorderly persons" offenses. Act approved August 10, 1978, ch. 95, §§ 2C:43-1, 43-8, 1978 N.J. Laws 629, 633. At the time of Williams's offense, a petty disorderly offense was punishable by imprisonment of up to thirty days and a $500 fine; a disorderly offense was punishable by imprisonment of up to six months and a $1,000 fine; a fourth-degree crime was punishable by up to eighteen months' confinement and an up to $7,500 fine; a third-degree crime was punishable by between three and five years' confinement and a maximum $7,500 fine; and a first-degree crime was punishable by ten to twenty years' confinement and an up to $100,000 fine.[3] *Id.* §§ 2C:43-3, 43-6, 43-8, 1978 N.J. Laws 630–32.

Similarly, Texas has three types of misdemeanors and five types of felonies. Tex. Penal Code Ann. §§ 12.21–.23, 12.32–.34 (West 2011), §§ 12.31,

---

[3]The New Jersey code assigned specific, higher punishments for certain offenses, such as murder. *See* Act approved August 10, 1978, ch. 95, §§ 2C:11-3(b), 1978 N.J. Laws 541. In addition, the New Jersey criminal justice code contains a provision—applicable since at least 1978—allowing a judge to sentence a young adult offender under the age of 26 to a reformatory rather than a prison for any type of offense. Act approved August 10, 1978, ch. 95, § 2C:43-5, 1978 N.J. Laws 631.

.35 (West Supp. 2017). A first-degree felony in Texas is punishable by a minimum confinement of five years up to a maximum of ninety-nine years to life, and a fine not to exceed $10,000. *Id.* § 12.32. This is a much higher maximum punishment than a first-degree crime in New Jersey. Thus, examining both the Texas and New Jersey sexual assault statutes, and the punishment ascribed for each within the context of each state's general punishment structure, we hold that the New Jersey crime of sexual assault—as it existed in 1981—is sufficiently similar to the Texas offense of sexual assault.

Because the State brought forward sufficient evidence to prove that Williams was convicted of sexually violent offense in New Jersey in 1982, we overrule Williams's sole issue and affirm the trial court's judgment.

/s/ Charles Bleil
CHARLES BLEIL
JUSTICE

PANEL: WALKER and PITTMAN, JJ.; CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: February 8, 2018